# EXHIBIT 32

Oct 20 14 04:25p S. Canassa - State Farm 15103394446 p.1

BILL OF SALE JAN 2012

I BRIAN TILSETH TRADED FLOYD CASTRO A SNAP ON SOCKET SET FOR 2 lbs OF MARIJUANA WORTH AROUND $6,000.00

claim # 0530V1561

510-919-8622

[illegible] Received [illegible] PM [Eastern Daylight Time]

# EXHIBIT 33

LAW OFFICE OF
McDOWELL SHAW & GARCIA
A PROFESSIONAL LAW CORPORATION

DAVID A. McDOWELL
PAULA M. SHAW
PHAIGRA M. GARCIA
PHILIP A. PEREIRA
JAMES J. SLONE
STEVEN H. FINCH
SHELLEY O'CONNOR
MARISSA NEBENZAHL SINHA
SUMAIR S. SANDHU
DEREK D. MYERS
GIANINA A. DIMITRIOU

1655 N. MAIN STREET
SUITE 370
WALNUT CREEK, CA 94596
TEL (925) 210-1300
FAX (925) 210-1366
HTTP://WWW.MCDOWELLLAW.COM

SACRAMENTO OFFICE
TEL (916) 564-9710

FRESNO OFFICE
TEL (559) 237-7808

LOS ANGELES OFFICE
TEL (424) 456-3005

SUNNYVALE OFFICE
TEL (408) 927-7250

October 24, 2014

Floyd Castro
2370 Scout Road
Oakland, CA 946122-2724

**Re:** **Castro, Floyd Matter**
**Insured:** **Castro, Floyd**
**Claim No.:** **05-30V1-561**
**Date of Loss:** **4/20/14**

Dear Mr. Castro:

Enclosed please find a copy of your examination under oath transcript for your review. Please review the transcript and note any corrections on page 132 of the transcript. Once you have reviewed the transcript please sign and date pages 131 and 132 and return both pages to my office within **two (2) weeks** from the date of this letter. I have enclosed a self-addressed stamped envelope for your convenience. You may keep the transcript for your personal records.

By this letter, or any other communication, or by the taking of the examination under oath, or any other act or omission, State Farm General Insurance Company does not waive any of its defenses, rights, or objections under the insurance policy or otherwise.

If you have any questions, please do not hesitate to contact the undersigned.

Very truly yours,

McDOWELL SHAW & GARCIA

Paula M. Shaw

PMS:lmd
Enclosure

14052614

CASTROCF0721

October 8, 2014

DECLARATION UNDER PENALTY OF PERJURY

I, Floyd Castro, do hereby certify under penalty of perjury that I have read the foregoing transcript of my proceeding taken on October 8, 2014, that I have made such corrections as appear noted on the Proceeding Errata Page, attached hereto, signed by me; that my testimony as contained herein, as corrected, is true and correct.

Dated this __________ day of ______________________________ 2014, at ______________________________________________, California.

______________________________
Floyd Castro

131



1162014

October 8, 2014

ERRATA SHEET

Page No._____ Line No._____

Change:________________________________________

Page No._____ Line No._____

Change:________________________________________

Page No._____ Line No._____

Change:________________________________________

Page No._____ Line No._____

Change:________________________________________

Page No._____ Line No._____

Change:________________________________________

Page No._____ Line No._____

Change:________________________________________

Page No._____ Line No._____

Change:________________________________________

Page No._____ Line No._____

Change:________________________________________

Page No._____ Line No._____

Change:________________________________________

Page No._____ Line No._____

Change:________________________________________

____________________ __________
Floyd Castro Dated

132

U.S. LEGAL SUPPORT
916-248-5608

11062014

# EXHIBIT 34

Nov 03 14 05:54p S. Canessa - State Farm 15103394446 p.2

**United States Bankruptcy Court**
**Northern District of California**

In re FLOYD FRANKLIN CASTRO Debtor(s) Case No. 12-47272 RLE
Chapter 13

## DECLARATION OF DEBTOR RE: AMENDMENT TO SCHEDULES

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:

**SCHEDULE B**

I/We declare under penalty of perjury that I/we have read the Amended Schedules and that they are true and correct to the best of my/our knowledge, information, and belief.

Dated: 11/1/14 Debtor

0630 V1 SG1

24c1430726026WPSDY1PZ Received 11/3/2014 7:58:56 PM [Eastern Standard Time]

Nov 03 14 05:54p S. Canessa - State Farm 15103394446 p.3

0530VL 561

B6B (Official Form 6B) (12/07)

In re **Floyd Franklin Castro** Case No. **12-47272**

Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Chase Bank checking account #x6357** | - | **900.00** |
| | | **Chase Bank savings account** | - | **45.00** |
| | | **Wells Fargo checking account** | - | **300.00** |
| | | **San Francisco Federal Credit Union checking account** | - | **5.00** |
| | | **San Francisco Federal Credit Union savings account** | - | **10.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **miscellaneous household goods and furnishings in debtor's possession** | - | **2,000.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **clothing in debtor's possession** | - | **500.00** |
| 7. Furs and jewelry. | | **1865 SS Republic Shipwreck gold coin In debtor's possession** | - | **12,000.00** |
| | | **24-inch Figueroa style chain necklace (180 grams) in debtor's possession** | - | **4,000.00** |
| | | **Mariner style necklace 160 grams in debtor's possession** | - | **4,000.00** |

Sub-Total > **23,760.00**
(Total of this page)

3 continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com Best Case Bankruptcy

24c1430726027WPSDY1PZ Received 11/3/2014 7:58:56 PM [Eastern Standard Time]

CASTROCF0733

Nov 03 14 05:54p S. Canessa - State Farm 15103394446 p.4

05301561

B6B (Official Form 6B) (12/07) - Cont.

In re **Floyd Franklin Castro** Debtor Case No. 12-47272

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Small gold medallion with praying hands In debtor's possession** | - | 1,200.00 |
| | | **Small gold medallion In debtor's possession** | - | 1,200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **pension through Union Local 38** | - | 3,800.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

Sub-Total > 6,200.00
(Total of this page)

Sheet 1 of 3 continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com Best Case Bankruptcy

24c1430726028WPSDY1PZ Received 11/3/2014 7:58:58 PM [Eastern Standard Time]

CASTROCF0734

Nov 03 14 05:54p S. Canessa - State Farm 15103394446 p.5

B6B (Official Form 6B) (12/07) - Cont.

0530V1561

In re Floyd Franklin Castro Case No. 12-47272

Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED

(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | claim against insurance company for stolen Ducati motorcycle (probably not collectible) | - | Unknown |
| | | personal injury case against Encompass Insurance (uninsured motorist) | - | Unknown |
| | | personal injury case against Miquela Tompkins (auto accident) case no. RG11599048 | - | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2012 Toyota Tacoma 4-wheel drive (50 miles) in good condition in debtor's possession | - | 20,000.00 |
| | | PAID OFF 2002 Honda CR250 dirt bike in debtor's possession | - | 2,000.00 |
| | | 2006 Honda CBR100 RR street bike in good condition in debtor's possession | - | 2,000.00 |

Sub-Total > 24,000.00
(Total of this page)

Sheet 2 of 3 continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com Best Case Bankruptcy

24c1430728029WPSDY1PZ Received 11/3/2014 7:58:56 PM [Eastern Standard Time]

CASTROCF0735

Nov 03 14 05:54p S. Canessa - State Farm 15103394446 p.6

B6B (Official Form 6B) (12/07) - Cont.

0530V1561

In re Floyd Franklin Castro Case No. 12-47272

Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **2012 Ram 1500 quad cab truck co-signed with third party; third party pays lender directly** | - | **35,000.00** |
| 26. Boats, motors, and accessories. | | **PAID OFF 12-foot aluminum fishing boat with trailer In debtor's possession** | - | **300.00** |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **SnapOn 1" drive impact wrench** | - | **1,682.00** |
| | | **SnapOn 90 degree die grinder** | - | **319.00** |
| | | **SnapOn deep socket set** | - | **6,000.00** |
| | | **SnapOn vacuum spotter shop vac** | - | **312.00** |
| | | **SnapOn 1" impact wrench** | - | **1,600.00** |
| | | **SnapOn air hammer set** | - | **550.00** |
| | | **Huskavarna 18" chain saw** | - | **460.00** |
| | | **Tascam digital recorder** | - | **700.00** |
| | | **Roland TD 20 drum machine** | - | **2,600.00** |
| | | **Martin D 45 acoustic guitar** | - | **47,999.00** |

Sub-Total > 97,522.00
(Total of this page)
Total > 151,482.00

Sheet 3 of 3 continuation sheets attached to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com Best Case Bankruptcy

24c1430726030WPSDY1PZ Received 11/3/2014 7:58:56 PM [Eastern Standard Time]

CASTROCF0736

Nov 03 14 05:55p S. Canessa - State Farm 15103394446 p.7

05304156l Castro

David Arietta, Floyd Castro's updated list of property,

1 snap on impact wrench, 1" drive $1682.00

1 Snap on die grinder 90 degree angle, $319.00

1 Snap on socket set, deep sockets $6000.00

1 Snap on vacume spotter, high quality shop vac, $312.00

1, Snap on Impact wrench 1" $1600.00

1, Snap on Air Hammer set $550.00

1, Huskavarna chain saw 18" $460.00

1, Tascam digital recorder, $700.00

1 Roland TD 20 drum Machine $2600.00

1, Martin D 45 Authentic Acoustic guitar $47,999.00

24c1430726031WPBDY1PZ Received 11/3/2014 7:58:56 PM [Eastern Standard Time]

05300V1561

**Angela Hamel**

**From:** Floyd Franklin <medgas1@yahoo.com>
**Sent:** Friday, August 29, 2014 6:59 AM
**To:** Angela Hamel

1 Ampeg SVT 100 watt Bass Amplifier with a speaker cabinet 6 ten inch speakers $3000

1 Marshal JVM 100 watt amplifier with a speaker cabinet with 4 twelve in rola celestian speakers $2900

Angela these have to be added to my inventory thanks Floyd F Castro

# EXHIBIT 35

Entered on Docket
October 31, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Martha G. Bronitsky
Chapter 13 Standing Trustee
6140 Stoneridge Mall Rd #250
Pleasanton,CA 94588-4588
(925) 621- 1900
13trustee@oak13.com

Trustee for Debtor(s)

The following constitutes
the order of the court. Signed October 31, 2014

Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br>Floyd Franklin Castro<br><br>Debtors(s) | Chapter 13 Case Number:<br>12-47272-RLE13<br><br>In Proceedings Under<br>Chapter 13 of the<br>Bankruptcy Code |

## ORDER OF DISMISSAL AFTER DEFAULT OF CHAPTER 13 PLAN PAYMENTS

Upon consideration of the declaration dated October 29, 2014 of Martha G. Bronitsky, Chapter 13 Standing Trustee, filed with this Court attesting to the default of debtor(s) under the terms of the plan; upon the continuing default of the debtor. The Court being satisfied that the Chapter 13 Trustee served the debtor(s) and counsel for debtor(s) with a MOTION TO DISMISS CHAPTER 13 CASE FOR FAILURE TO MAKE PLAN PAYMENTS, and upon good cause shown.

IT IS THEREFORE ORDERED that the above-referenced case be dismissed, and that any restraining orders heretofore entered in this case are hereby vacated. The Trustee shall submit at a later date her Trustee's Final Report for approval by the Court.

END OF ORDER

## COURT SERVICE LIST

| | |
|---|---|
| Floyd Franklin Castro<br>2370 Scout Road<br>Oakland, CA 94611<br><br>(Debtor) | David A Arietta Atty<br>700 Ygnacio Valley Rd #150<br>Walnut Creek, CA 94596<br><br>(Counsel for Debtor) |
| Agent For Countrywide/Bana<br>Real Time Resolutions Inc<br>1349 Empire Central Dr #150<br>Dallas, TX 75247 | Agent For Countrywide/Bana<br>Real Time Resolutions Inc<br>Po Box 35888<br>Dallas, TX 75235 |
| Alameda County Medical Center<br>Po Box 45886<br>San Francisco, CA 94145 | Alameda County Tax Coll-Re Tax<br>1221 Oak St (Bankruptcy Dept)<br>Oakland, CA 94612 |
| Bank Of New York Mellon C/O Bank Of America<br>Po Box 660933<br>Dallas, TX 75266-0933 | Citi Cards<br>Po Box 6500<br>Sioux Falls, SD 57117 |
| Douglas J Abeles Md<br>21030 Redwood Road<br>Castro Valley, CA 94546 | Dr. Michael B Krinsky<br>Po Box 10189<br>Pleasanton, CA 94588 |
| Eden Medical Center<br>3012 Summit Street 4Th Fl<br>Oakland, CA 94609 | Franchise Tax Board<br>Po Box 2952<br>Sacramento, CA 95812-2952 |
| Ge Money Bank<br>Po Box 960061<br>Orlando, FL 32896 | Keystone Recovery Partners Series Ii<br>C/O Weinstein & Riley<br>Po Box 3978<br>Seattle, WA 98124 |
| Keystone Recovery Partners, Series Ii<br>C/O Weinstein & Riley<br>2001 Western Ave #400<br>Seattle, WA 98121 | Miles Bauer Bergstrom Winters<br>1231 E Dyer Rd #100<br>Santa Ana, CA 92705 |
| Milton Grindley<br>C/O David Winkler<br>1930 Route 70 East<br>Building Q<br>Cherry Hill, NJ 08003 | Pacific Gas And Electric<br>Bankruptcy Dept<br>Po Box 8329<br>Stockton, CA 95208-0329 |
| San Francisco Federal Credit Union<br>770 Golden Gate Avenue<br>San Francisco, CA 94102 | Santander Consumer Usa<br>8585 N Stemmons Fwy #1100N<br>Dallas, TX 75247 |
| Santander Consumer Usa<br>Po Box 560284<br>Dallas, TX 75356 | Toyota Motor Credit Corp<br>Po Box 8026<br>Cedar Rapids, IA 52408 |
| Toyota Motor Credit Corp<br>Po Box 9490<br>Cedar Rapids, IA 52409-9490 | |

Form DOC

UNITED STATES BANKRUPTCY COURT
Northern District of California

| | |
|---|---|
| In Re: Floyd Franklin Castro<br>Debtor(s): | Case No.: 12-47272 RLE 13<br>Chapter: 13 |

## NOTICE OF DISMISSAL OF CASE

**Notice is given** that an order was filed on 10/31/14 dismissing the above–captioned case.

Dated: 10/31/14

For the Court:

Edward J. Emmons
Clerk of Court
United States Bankruptcy Court

Doc # 89

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0971–4 | User: acounts | Date Created: 10/31/2014 |
| Case: 12–47272 | Form ID: DOC | Total: 43 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

cr Keystone Recovery Partners, Series II

TOTAL: 1

**Recipients of Notice of Electronic Filing:**

ust Office of the U.S. Trustee/Oak USTPRegion17.OA.ECF@usdoj.gov
tr Martha G. Bronitsky 13trustee@oak13.com
aty Daniel K. Fujimoto wdk@wolffirm.com
aty David A. Arietta david@ariettalaw.com
aty Dhruv M. Sharma ecfcanb@piteduncan.com
aty Erin L. Laney ecfcanb@piteduncan.com
aty Jared D. Bissell wdk@wolffirm.com
aty Jonathan J. Damen bknotice@rcolegal.com
aty Lawrence R. Boivin lboivin@cigfinancial.com

TOTAL: 9

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db Floyd Franklin Castro 2370 Scout Road Oakland, CA 94611
cr The Bank of New York Mellon, as Trustee... Miles, Bauer, Bergstrom &Winters, LLP 1231 E. Dyer Road, Suite 100 Santa Ana, CA 92705
cr Real Time Resolutions, Inc. 1349 Empire Central Dr., Suite #150 PO Box 36655 Dallas, TX 75247–4029
cr BANK OF AMERICA, N.A. 2380 Performance Dr. Richardson, TX 75082
cr JPMorgan Chase Bank, National Association PITE DUNCAN, LLP c/o Dhruv M. Sharma 4375 Jutland Drive, Suite 200 P.O. Box 17933 San Diego, CA 92177–0933
cr The Bank of New York Mellon FKA The Bank of New York, As Trustee For The GSC Capital Corp. Mortgage Trust 2006–1 c/o The Wolf Firm 2955 Main Street Second Floor Irvine, CA 92614
cr THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS INDENTURE TRUSTEE FOR THE HOLDERS OF GSC CAPITAL CORP., MORTGAGE–BACKED NOTES, SERIES 2006–1 c/o The Wolf Firm 2955 Main Street 2nd Floor Irvine, CA 92614
smg Labor Commissioner 1515 Clay St. Room 801 Oakland, CA 94612
smg State Board of Equalization Collection Dept. P.O. Box 942879 Sacramento, CA 94279
smg CA Employment Development Dept. Bankruptcy Group MIC 92E P.O. Box 826880 Sacramento, CA 94280–0001
smg CA Franchise Tax Board Special Procedures Bankruptcy Unit P.O. Box 2952 Sacramento, CA 95812–2952
12848007 Alameda County Medical Center PO Box 45886 San Francisco, CA 94145
12848008 Alameda County Tax Collector 1221 Oak Street, Room 131 Oakland, CA 94612
12848009 Bank of America PO Box 301200 Los Angeles, CA 90030–1200
12848010 Citi Cards PO Box 183037 Columbus, OH 43218
12848011 Citi Cards PO Box 6500 Sioux Falls, SD 57117
12848012 Douglas J Abeles MD 21030 Redwood Road Castro Valley, CA 94546
12848013 Dr. Michael B Krinsky PO Box 10189 Pleasanton, CA 94588
12848014 Eden Medical Center 3012 Summit Street 4th Fl Oakland, CA 94609
12899824 Franchise Tax Board Bankruptcy Section MS A340 P.O. Box 2952 Sacramento, CA 95812–2952
12848015 GE Money Bank PO Box 960061 Orlando, FL 32896
12900749 KEYSTONE RECOVERY PARTNERS LLC, SERIES A C O WEINSTEIN AND RILEY, PS 2001 WESTERN AVENUE, STE 400 SEATTLE, WA 98121
13046262 Keystone Recovery Partners, Series II c/o Weinstein &Riley, P.S. 2001 Western Ave., Ste. 400 Seattle, WA 98121
12848016 Milton Grindley c/o David Winkler 1930 Route 70 East Building Q Cherry Hill, NJ 08003
12848017 PG Bankruptcy Unit Box 8329 Stockton, CA 95208
12883359 Pacific Gas and Electric Co c/o Sarah Torres, Bankruptcy Rep P.O. Box 8329 Stockton, CA 95208
12884107 Real Time Resolutions, Inc. 1349 Empire Central, Suite #150 PO Box 36655 Dallas, Texas 75247–4029
12848018 San Francisco Federal Credit Union 770 Golden Gate Avenue San Francisco, CA 94102
12874914 Santander Consumer USA Po Box 560284 Dallas, TX 75356
12874915 Santander Consumer USA Inc. 8585 N Stemmons Fwy Ste 1100–N Dallas, TX 75247
13046038 The Bank of New York Mellon, as Trustee... Miles, Bauer, Bergstrom &Winters, LLP 1231 East Dyer Road Suite 100 Santa Ana, CA 92705
12848019 Toyota Financial Services PO Box 5855 Carol Stream, IL 60197
12879303 Toyota Motor Credit Corporation (TMCC) PO BOX 8026 Cedar Rapids, Iowa 52408–8026

TOTAL: 33

# Notice Recipients

District/Off: 0971–4 User: acounts Date Created: 10/31/2014
Case: 12–47272 Form ID: pdfeoc Total: 39

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

cr Keystone Recovery Partners, Series II

TOTAL: 1

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | Office of the U.S. Trustee/Oak | USTPRegion17.OA.ECF@usdoj.gov |
| tr | Martha G. Bronitsky | 13trustee@oak13.com |
| aty | Daniel K. Fujimoto | wdk@wolffirm.com |
| aty | David A. Arietta | david@ariettalaw.com |
| aty | Dhruv M. Sharma | ecfcanb@piteduncan.com |
| aty | Erin L. Laney | ecfcanb@piteduncan.com |
| aty | Jared D. Bissell | wdk@wolffirm.com |
| aty | Jonathan J. Damen | bknotice@rcolegal.com |
| aty | Lawrence R. Boivin | lboivin@cigfinancial.com |

TOTAL: 9

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | |
|---|---|
| db | Floyd Franklin Castro 2370 Scout Road Oakland, CA 94611 |
| cr | The Bank of New York Mellon, as Trustee... Miles, Bauer, Bergstrom &Winters, LLP 1231 E. Dyer Road, Suite 100 Santa Ana, CA 92705 |
| cr | Real Time Resolutions, Inc. 1349 Empire Central Dr., Suite #150 PO Box 36655 Dallas, TX 75247–4029 |
| cr | BANK OF AMERICA, N.A. 2380 Performance Dr. Richardson, TX 75082 |
| cr | JPMorgan Chase Bank, National Association PITE DUNCAN, LLP c/o Dhruv M. Sharma 4375 Jutland Drive, Suite 200 P.O. Box 17933 San Diego, CA 92177–0933 |
| cr | The Bank of New York Mellon FKA The Bank of New York, As Trustee For The GSC Capital Corp. Mortgage Trust 2006–1 c/o The Wolf Firm 2955 Main Street Second Floor Irvine, CA 92614 |
| cr | THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS INDENTURE TRUSTEE FOR THE HOLDERS OF GSC CAPITAL CORP., MORTGAGE–BACKED NOTES, SERIES 2006–1 c/o The Wolf Firm 2955 Main Street 2nd Floor Irvine, CA 92614 |
| 12848007 | Alameda County Medical Center PO Box 45886 San Francisco, CA 94145 |
| 12848008 | Alameda County Tax Collector 1221 Oak Street, Room 131 Oakland, CA 94612 |
| 12848009 | Bank of America PO Box 301200 Los Angeles, CA 90030–1200 |
| 12848010 | Citi Cards PO Box 183037 Columbus, OH 43218 |
| 12848011 | Citi Cards PO Box 6500 Sioux Falls, SD 57117 |
| 12848012 | Douglas J Abeles MD 21030 Redwood Road Castro Valley, CA 94546 |
| 12848013 | Dr. Michael B Krinsky PO Box 10189 Pleasanton, CA 94588 |
| 12848014 | Eden Medical Center 3012 Summit Street 4th Fl Oakland, CA 94609 |
| 12899824 | Franchise Tax Board Bankruptcy Section MS A340 P.O. Box 2952 Sacramento, CA 95812–2952 |
| 12848015 | GE Money Bank PO Box 960061 Orlando, FL 32896 |
| 12900749 | KEYSTONE RECOVERY PARTNERS LLC, SERIES A C O WEINSTEIN AND RILEY, PS 2001 WESTERN AVENUE, STE 400 SEATTLE, WA 98121 |
| 13046262 | Keystone Recovery Partners, Series II c/o Weinstein &Riley, P.S. 2001 Western Ave., Ste. 400 Seattle, WA 98121 |
| 12848016 | Milton Grindley c/o David Winkler 1930 Route 70 East Building Q Cherry Hill, NJ 08003 |
| 12848017 | PG Bankruptcy Unit Box 8329 Stockton, CA 95208 |
| 12883359 | Pacific Gas and Electric Co c/o Sarah Torres, Bankruptcy Rep P.O. Box 8329 Stockton, CA 95208 |
| 12884107 | Real Time Resolutions, Inc. 1349 Empire Central, Suite #150 PO Box 36655 Dallas, Texas 75247–4029 |
| 12848018 | San Francisco Federal Credit Union 770 Golden Gate Avenue San Francisco, CA 94102 |
| 12874914 | Santander Consumer USA Po Box 560284 Dallas, TX 75356 |
| 12874915 | Santander Consumer USA Inc. 8585 N Stemmons Fwy Ste 1100–N Dallas, TX 75247 |
| 13046038 | The Bank of New York Mellon, as Trustee... Miles, Bauer, Bergstrom &Winters, LLP 1231 East Dyer Road Suite 100 Santa Ana, CA 92705 |
| 12848019 | Toyota Financial Services PO Box 5855 Carol Stream, IL 60197 |
| 12879303 | Toyota Motor Credit Corporation (TMCC) PO BOX 8026 Cedar Rapids, Iowa 52408–8026 |

TOTAL: 29

# EXHIBIT 36

StateFarm™

November 24, 2014

FLOYD CASTRO
2370 SCOUT RD
OAKLAND CA 94611-2724

State Farm
CA Fire Claims
PO Box 52295
Phoenix, AZ 85072-2295
Fax 800-529-8467

RE: Claim Number: 05-30V1-561
Date of Loss: April 20, 2014
Policy Number: 57-B3P185-6
Loss Location: 2370 Scout Rd., Oakland, CA

Dear Mr. Castro:

Our attorney mailed you a copy of the transcript of your examination under oath on October 24, 2014, with instructions to review the transcript and return pages 131 and 132 to their office within two weeks.

Our attorney has not received the requested information; therefore, we will proceed with our evaluation of your loss based on the information gathered to date in our investigation. A decision on your claim will be made and communicated to you in the near future.

Please refer to our letter dated May 29, 2014, which outlines the "Your Duties After Loss" condition of the policy.

We continue to reserve our rights as outlined in our letters dated August 18 and September 8, 2014.

Should you have any questions, please contact me at the number listed below.

Sincerely,

Becky Hernandez
Claim Representative
Special Investigative Unit
Toll Free 888-663-7560 ext. 707-641-7138
Direct Office 707-641-7138
State Farm General Insurance Company

# EXHIBIT 37

StateFarm

December 23, 2014

FLOYD CASTRO
2370 SCOUT RD
OAKLAND CA 94611-2724

State Farm
CA Fire Claims
PO Box 52295
Phoenix, AZ 85072-2295
Fax 800-529-8467

| | | |
|---|---|---|
| RE: | Claim Number: | 05-30V1-561 |
| | Date of Loss: | April 20, 2014 |
| | Policy Number: | 57-B3P185-6 |
| | Loss Location: | 2370 Scout Rd., Oakland, CA |

Dear Mr. Castro:

This letter follows our telephone conversation of December 11, 2014, regarding the above referenced claim.

Our evaluation of your claim will be concluded and a decision communicated to you in the near future.

We continue to reserve our rights as outlined in our letters dated August 18 and September 8, 2014.

Should you have any questions, please contact me at the number listed below.

Sincerely,

Becky Hernandez
Claim Representative
Special Investigative Unit
Toll Free 888-663-7560 ext. 707-641-7138
Direct Office 707-641-7138
State Farm General Insurance Company

# EXHIBIT 38

StateFarm™

January 23, 2015

FLOYD CASTRO
2370 SCOUT RD
OAKLAND CA 94611-2724

State Farm
CA Fire Claims
PO Box 52258
Phoenix, AZ 85072-2258
Fax 844-236-3646

RE: Claim Number: 05-30V1-561
Date of Loss: April 20, 2014
Policy Number: 57-B3P185-6
Loss Location: 2370 Scout Rd., Oakland, CA

Dear Mr. Castro:

This letter follows our telephone conversation of January 15, 2015, regarding the above referenced claim.

You confirmed you received a copy of your inventory as you requested.

A claim decision will be communicated to you shortly.

We continue to reserve our rights as outlined in our letters dated August 18 and September 8, 2014.

Should you have any questions, please contact me at the number listed below.

Sincerely,

Becky Hernandez
Claim Representative
Special Investigative Unit
Toll Free 888-663-7560 ext. 707-641-7138
Direct Office 707-641-7138
State Farm General Insurance Company

# EXHIBIT 39

FARMERS
INSURANCE

Sent VIA email to becky.hernandez.bksl@statefarm.com

| | |
|---|---|
| Our Insured: | FLOYD CASTRO |
| Our Claim No: | 3002507594 |
| Our Loss Date: | 4/20/2014 |
| Your Insured: | FLOYD CASTRO |
| Your Claim No. | 0530V1561 |
| Your Loss Dates: | 04/20/2014 |

Dear Ms. Hernandez:

Farmers Insurance is investigating a suspect/questionable claim concerning the claim information above. In accordance with the California Insurance Code Section 791.13, we would appreciate your cooperation in providing the undersigned with: list of missing items, statement with Insured, claim file notes, and all available documents.

California Insurance Code Section 791.13 states an insurance institution, agent or insurance support organization shall not disclose personal privileged information about an individual collected or received in connection with an insurance transaction unless the disclosure in section C to an institution, agent insurance support organization, or self-insured, provided the information is limited to that which is reasonably necessary under paragraph one or two:

(1) To detect or prevent criminal activity, fraud, material misrepresentation or material non-disclosure in connection with an insurance transaction, or,

(2) For either the disclosing or receiving insurance institution, agent, or insurance support organization to perform its functions in connection with an insurance transaction involving the individual.

Our request to review your claim file for the above captioned claim clearly falls within the parameters of California Insurance Code 791.13.

Thank you in advance for your cooperation in this matter. Should you have any questions, please feel free to contact me at 925/209-3690

Sincerely,

Barry Francis.

# EXHIBIT 40

**CLAIM COMMITTEE REPORT - FIRST PARTY**

___ Fire & Casualty X General _ County Mutual of Texas ___ Lloyds

| | |
|---|---|
| INDEX:<br>I. Homeowners Policy<br>II. Concealment or Fraud<br>III. Policy Void<br><br>REHEARING X NO YES<br><br>E&O CLAIM X NO __ YES<br><br>AGENT NAME/CODE: Mathew Dahms 05-0096<br><br>PREPARED BY: Maria Okino, Claim Team Manager<br><br>DATE: February 11, 2015 | POLICY#: 57-B3-P185-6<br>CLAIM#: 05-30V1-561<br>ZONE/CSM: California/Michael Bynum<br><br>INSURED: Floyd Castro<br><br>LOCATION OF LOSS:<br>2370 Scout Rd<br>Oakland CA 94611-2724<br><br>LIENHOLDER: N/A<br>LOAN BALANCE: N/A<br><br>DATE OF LOSS: April 20, 2014 |

POLICY FORM AND ENDORSEMENTS: FP-7955-CA; LSP-A1; LSP-B1; OPT-ID; OPT-OL; FE-3422; FE-3560

NON-WAIVER/RESERVATION YES X (September 8, 2014) NO ___
CURRENT RESERVES: 55/001 $0 56/001 $3,530
PAID TO DATE: $4,789.75 Coverage A
SUIT FILED X NO ___ YES (DATE): N/A
EXTRA CONTRACTUAL: N/A

REGIONAL OFFICE DECISION: __ ADVISORY X FINAL DATE: 02-12-2015

Agree with the recommendations to deny this claim and void the policy.

Chairperson: Michael A. Bynum, CSM Present: CTMs, Jill Petrarca, Boyd Tanner, Jim Smith, Doug Burke, Laura Campbell-Bishop

HOME OFFICE DECISION DATE:

ON SEPARATE PAGE (S) PLEASE USE THE FOLLOWING REPORT FORMAT AS APPLICABLE:

I. FACTS
II. INDICATORS FOR REFERRAL
III. SPECIFIC QUESTIONS INVOLVED
IV. DAMAGES
V. INVESTIGATION
VI. APPLICABLE POLICY LANGUAGE
VII. APPLICABLE LAW OR PRECEDENTS
VIII. ATTORNEY ANALYSIS
IX. TEAM MANAGER ANALYSIS AND RECOMMENDATIONS

## CLAIM COMITTEE REPORT

### I. FACTS

#### Overview

On April 21, 2014, Floyd Castro reported to his State Farm Agent, Mathew Dahms, the April 20, 2014 loss involving a break-in at the insured location resulting in damage to his home and theft of his personal property.

On April 23, 2014, In Office Centralized (IOC) Claim Representative (CR) Marcie Baird obtained Mr. Castro's recorded interview where he described the forced entry to his home resulting in damages to doors, his safe and theft of his personal property. Mr. Castro advised the items missing included Snap On and Craftsman tools he stated were all purchased from the flea market, $6,500 in cash, a compressor, a surveillance system, and a PA system. He verified no musical equipment was stolen and estimated the loss to be approximately $20,000.

Throughout the handling of the claim, discrepancies and inconsistencies were identified and warranted noticing Mr. Castro's Examination Under Oath (EUO). Mr. Castro provided his EUO; however, the discrepancies and inconsistencies remained unresolved.

This Claim Committee Report will address intentional material misrepresentations and concealments made by Mr. Castro during the presentation of his claim.

#### Insured Information

The named insured is Floyd Castro. The insured owns and lives at 2370 Scout Road, Oakland, CA.

#### Policy Information

The Homeowners Policy #57-B3-P185-6 was issued January 5, 2013. The Coverage A limit is $279,300. The Coverage B limit is $212,617. A $2,000 deductible applies.

#### Prior Loss

Mr. Castro reported a residential theft with a November 21, 2013 date of loss, claim #05-26Q0-799. The loss involved forced entry to doors of the home and theft of personal property including jewelry, safe, camera, guitar, amp, recording device, surveillance recorder, and knives for a total of $30,208.71. The claim was referred to the Special Investigative Unit (SIU) based on relevant NICB® indicators. SIU's investigation resolved the NICB indicators in favor of the insured. A total of $11,799.15 was paid on the claim.

The various descriptions given of the amps claimed on the current loss made it difficult to determine if the amps were the same as the one claimed in the November 2013 loss.

## II. INDICATORS FOR REFERRAL

- Individual is vague on the actual facts of the loss or has discrepancies in the facts of loss.
- Parties have a history or prior claims (often of similar type losses).

## III. SPECIFIC QUESTIONS INVOLVED

- Did the insured intentionally conceal from and/or misrepresent material facts to State Farm Insurance in the presentation of this claim?
- Is voiding the policy and denying this claim an appropriate course of action?

## IV. DAMAGES

On May 6, 2014, Mr. Castro submitted a Personal Property Inventory Form (PPIF) with 16 line items totaling $23,350.

| | | | |
|---|---|---|---|
| 1. Chainsaw | Sears | 2 years | $ 600.00 |
| 2. Tascam Recorder | Online | 3 years | $ 500.00 |
| 3. Snap On Impact Wrench | Gift | 1 year | $1,600.00 |
| 4. Snap On Die Grinder | Gift | 1 year | $ 350.00 |
| 5. Socket Set | Portland | 3 years | $6,000.00 |
| 6. Hunting Bow | Portland | 17 years | $1,000.00 |
| 7. Snap On Vac Spotter | Portland | 3 years | $1,200.00 |
| 8. Roland Electric Drum | Electric | 2 years | $4,000.00 |
| 9. Mackie PA 8085 | Guitar Center | 6 years | $1,100.00 |
| 10. 2 JBL JRX 100 | Guitar Center | 6 years | $ 600.00 |
| 11. Fender amp | Guitar Center | 6 years | $ 500.00 |
| 12. 2 JBL JRX 100 | Guitar Center | 6 years | $ 600.00 |
| 13. Ziljan 22" Cymbal | Guitar Center | 6 years | $ 300.00 |
| 14. Fender Acoustic Guitar | Gift | 6 months | $3,250.00 |
| 15. Snap On Impact Wrench | Gift | 2 years | $1,200.00 |
| 16. Snap On Air Hammer Set | Gift | 2 years | $ 550.00 |
| | | **Total:** | **$23,350.00** |

On May 27, 2014, Mr. Castro submitted a handwritten list which included 10 items previously listed, but this list included model numbers and some of the items had different values noted. The following are the values on the May 27th list:

| | |
|---|---|
| · Snap On Impact Wrench #AT1300 | $1,682.00 |
| · Snap On Die Grinder #PT 410 | $ 319.00 |
| · Socket Set 6181m & 51751m | $9,201.00 |
| · Vac Spotter VA1102 | $1,200.00 |
| · Impact Wrench AT1300HL | $1,600.00 |
| · Air Hammer Set PH3050BCH4 | $ 550.00 |
| · Huskvarna 18" Chainsaw 445 | $ 460.00 |
| · Tascam CDR W9015L | $ 700.00 |

- Martin Bow M39TJA016 $ 710.00
- Roland TD20 $2,600.00

On May 29, 2014, Mr. Castro advised CR Jed Reyes of two additional Marshall amps he did not realize were missing until after he submitted his list. He also said the value of the socket set is $9,000 ($6,000 noted on the PPIF), and the electric drum is only $2,400, not $4,000.

On June 18, 2014, Mr. Castro provided an estimate from Security Inovations [sic] for the replacement of three wood doors and two security doors in the amount of $6,635. The estimate included the name Ronil C and a telephone number, but did not include a date or business address.

On June 20, 2014, Mr. Castro submitted a revised Security Innovations estimate in the amount of $4,789.75. This estimate did not include the $1,000 cost to prepare five rough openings and a 15% discount was applied.

On August 1, 2014, Mr. Castro advised SIU CR Hernandez he had two Marshall amps and 1 Ampeg bass amp stolen. He later said he had a total of 4 amps and 4 speaker cabinets stolen. Mr. Castro advised he has so much equipment he did not realize these items were missing.

On August 6, 2014, Mr. Castro called SIU CR Hernandez and clarified he had 1 Ampeg 100 amp and 1 Fender 100 amp stolen. During this conversation, he indicated the cost to replace the damaged garage window is $600. He had not yet obtained an estimate.

## V. INVESTIGATION

Sources of information used to analyze the claim submitted to State Farm included, but were not limited to: database searches, Mr. Castro's recorded interviews and Examination Under Oath, contact with Ronil Bahadur and Brian Tilseth.

**Floyd Castro**

On April 23, 2014, Mr. Castro advised CR-Marcie Baird of the facts of loss. He left his home at approximately 11:00 a.m. and returned around 2:15 p.m. to find someone had entered his home. His garage was ransacked and a crowbar was used to try to pry open his safe. He advised he found the safe knocked over.

Mr. Castro advised of damage to three exterior doors and two metal security doors. Stolen property consisted of $6,500 cash taken from behind a mirror, a compressor, a Canon safe replaced from his prior loss, a video surveillance system, a PA system and Snap On and Craftsman tools. He said all tools were purchased from a flea market. Mr. Castro advised no musical equipment was stolen. He estimated his loss at approximately $20,000. He also advised tools were not used in his occupation as a plumber. He stated his employer provided tools needed for his job.

On May 28, 2014, Mr. Castro left a voicemail message advising there may have been some confusion on what was on his report. There were two amps he did not realize were stolen and many of his receipts were in the safe stolen in his prior loss, therefore, he had no documentation.

On May 29, 2014, IOC CR Jed Reyes received a call from Mr. Castro regarding two Marshall amps stolen, but not included in his initial list. He explained a 3rd amp was stolen in his prior loss. Mr. Castro advised the items claimed on this loss were not replacements of items in his prior claim. CR Reyes asked Mr. Castro why he had $6,500 in cash behind a mirror. Mr. Castro said after the prior theft, he was afraid the safe would be stolen again and thought the cash would be safe behind the mirror.

On June 18, 2014, CR Billie Hendrix spoke with Mr. Castro regarding the estimate for the replacement of three wood doors and two security doors for a total of $6,635. Mr. Castro advised the estimate was for the same quality doors and that the repairs were completed. CR Hendrix attempted to reach the contractor, but was unsuccessful. Mr. Castro agreed to have the contractor call State Farm.

On June 19, 2014, CR James Perry spoke with Mr. Castro who advised the contractor's estimate had items listed twice; therefore, he would submit a revised contractor's estimate.

On June 28, 2014, Mr. Castro spoke with CR Deborah Linge and advised, among other things, the Fender acoustic guitar was a 6 string high end guitar. The guitar was given to him by Jimmy Johnson who is working in Alaska. He advised he did not have contact information for him. Mr. Castro called again later the same day and advised the guitar was a Martin D45 authentic 1942 Dreadnaught acoustic guitar. He thought it was a Fender guitar because it was in a Fender case.

Mr. Castro advised he purchased the socket set for approximately $3,500 and would get contact information for the person he purchased it from. (This is inconsistent with information he provided CR Baird during his initial contact wherein he stated he purchased all tools from a flea market.)

On July 10, 2014, CR Juanita Cabrera discussed with Mr. Castro the documentation required to move forward with the claim. He said he purchased the socket set (item #5) in Portland for $6,000 and the receipt was in the safe that was stolen in his prior loss. (This also is inconsistent with where he originally stated he purchases the socket set was purchased and the amount.)

On July 17, 2014, Mr. Castro spoke with CR Glen Del Tour and advised he had 3 amps that were missing, but he only reported one. CR Del Tour advised Mr. Castro to update the police report with this information. Mr. Castro mentioned he is a musician and plays occasionally at clubs, but is a plumber during the day. Mr. Castro advised he is sometimes compensated for playing and singing, at which time CR Del Tour advised him the business limit would apply to the musical equipment. Mr. Castro said he was "just joshing" and he was not compensated for playing. CR Del Tour submitted a request for review by the Special Investigative Unit (SIU) based on the inconsistent information provided by Mr. Castro.

On July 28, 2014, SIU CR Becky Hernandez conducted a scene inspection of the insured location. Mr. Castro lives in a rural area of Oakland, CA. The home is separated from neighbors by trees and other foliage. Mr. Castro advised the point of entry was the garage window and there was evidence of pry marks on the wood frame of the window. Mr. Castro had metal bars installed on this window after the loss. He advised the damaged doors to the front of the home, a back bedroom and detached building had been replaced. Inspection of the doors verified the doors and jambs were replaced. The damaged metal security doors had not been replaced.

In the living room was a drum set, two guitars, a large screen TV, and various other types of equipment. A room next to the living room had one bed, a desk, a desktop computer, and a standing safe. The kitchen had various items on counters and was unkempt.

The three bedrooms were empty except for tables, lights and equipment that appeared to be for indoor marijuana growing. One of the rooms had young marijuana plants.

The insured had three pit bull dogs. The garage and home were filled with numerous items of property, but not organized in a way to allow an inventory to be taken to possibly compare to what was stolen by SIU CR Hernandez at the time of her inspection.

On August 1, 2014, SIU CR Hernandez obtained Mr. Castro's recorded interview. He is a plumber and also grows marijuana as another source of income. His marijuana growing operation had not been in operation the last six months. Mr. Castro advised his home was in the process of foreclosure. He later stated his home was in the process of a refinance. He also filed bankruptcy in 2012.

Mr. Castro advised that on the date of loss, he discovered entry was made through the garage window. His front and back bedroom doors, along with their metal security doors, were damaged as well as a door to a detached structure which had a pool table inside. He found his safe knocked over inside the home.

Mr. Castro advised two Marshall amps and one Ampeg bass amp were stolen which he did not realize until later because he has a lot musical equipment in the living room. He then clarified three Marshall amps and one Ampeg speaker amp were stolen. The Marshall amps were 4 feet tall by 3 feet wide by 9 inches deep and the Ampeg amp was approximately 5 feet tall by 3 feet wide and 1 foot deep. Each amp had its own cabinet for a total of four cabinets and four amps stolen. When asked why he did not initially notice these large items missing, he said he does not examine his home. He explained he has a 75 inch television, five feet tall by five feet wide. "And so that television where you saw it um in my living room it wasn't on that wall it was on the northwest the northeast wall and and all the amps were behind it or on on the other side of it so that's that's why I didn't notice it because I put the TV so I don't have to look so so I can store the amps behind it and on the side of it." (Supplemental R/S Page 4 and 5)

Mr. Castro was asked about the information he provided CR Del Tour involving his playing in clubs and the possibility of the business limit applying to his musical

equipment. Mr. Castro stated, "No that's not true." "True that's u uh that guy that individual I was talking about my brother I and and and friend I have a friend that's a rock star you know uh not me." I'm a plumber. He said there's a limit on on I'm not a musician I'm I'm not a professional musician I don't make money at music I play in my room I don't even play in front of people. That was that was a misunderstanding. (Supplemental R/S page 6)

SIU CR Hernandez asked Mr. Castro if the tools claimed were included in the bankruptcy filed in 2012. Mr. Castro answered "I included everything in my bankruptcy." He later stated "I probably forgot to include them because I was filing bankruptcy and I was just going crazy." Regarding the musical equipment and whether Mr. Castro included the items in his bankruptcy, he said he had never filed bankruptcy before and stated "I had no idea that that I was supposed to that you know they I had no idea." SIU CR Hernandez advised Mr. Castro of the insurable interest coverage question regarding these items. (Supplemental R/S page 9)

During the recorded interview, Mr. Castro stated several times he did not remember events and explained he had brain surgery twice since 1981. He could not remember who completed the repairs to his home after the prior loss. He could not remember where some items were purchased.

On August 4, 2014, Mr. Castro left a voicemail message for SIU CR Hernandez stating only one Marshall amp was stolen. He then said four amps were stolen and then stated it was a Marshall stack 100 amp and a Fender amp that were stolen.

On August 6, 2014, SIU CR Hernandez spoke with Mr. Castro who clarified he had a 100w Ampeg amp with a 4 by 12 cabinet and a Fender 100w amp stolen, not as expensive as the Marshall amps. He also advised the garage window would cost $600 to replace. This was not included in the Security Innovations estimate. Mr. Castro advised he would submit an estimate for the garage window.

On August 18, 2014, Mr. Castro left a voicemail message for SIU CR Hernandez advising Brian Tilseth had the full description of what was replaced on his prior loss and current loss. In a subsequent conversation the same day, Mr. Castro advised Mr. Tilseth helped with repairs after the prior loss, but he purchased the materials.

**2012 Bankruptcy**

On August 31, 2012, Mr. Castro filed for Chapter 13 bankruptcy. Review of the personal property scheduled revealed Mr. Castro did not include the musical equipment claimed in this loss.

On August 27, 2014, SIU CR Hernandez contacted Mr. Castro's bankruptcy attorney David Arietta's office and confirmed Mr. Castro provided them with a list of tools and other items to amend his bankruptcy schedule.

Review of the bankruptcy court docket found that Mr. Castro's bankruptcy was dismissed on October 31, 2014 after default on the Chapter 13 plan payments.

**Douglas Freitas**

On July 15, 2014, Mr. Castro submitted a typed one paragraph document to State Farm stating Douglas Fretus gave Mr. Castro a Martin D45 Authentic 1942 Dreadnaught acoustic guitar about two years ago. An Accurint search of the telephone number on the document found it was listed to Douglas Freitas, the last named spelled F R E I T A S.

On August 5, 2014, SIU CR Hernandez spoke with Mr. Freitas who verified he gave Mr. Castro a Martin D45 1942 Dreadnaught acoustic guitar awhile ago. He was in the middle of work and provided his email address and asked SIU CR Hernandez to email her contact information to him. The email address Mr. Freitas provided was an incorrect email address. Further attempts to contact Mr. Freitas were unsuccessful.

**Security Innovations – Ronil Bahadur**

On June 28, 2014, Mr. Castro called and advised his contractor, Ronil Caster, was with him. Mr. Caster spoke with CR Deborah Linge who confirmed the door repairs were completed with the exception of the two security doors. CR Linge issued a payment for the Coverage A damage based on the estimate of $4,789.75.

On August 18, 2014, SIU CR Hernandez received a call from Ronil. He was asked to spell his last name. He responded, "C A S P E R", and provided his date of birth of February 13, 1967. He advised he had been in business a couple of years. He advised his business name is Security Innovations, but was not asked to spell it out. He explained his residence address is his business address. SIU CR Hernandez asked for his social security number, but Mr. Casper asked why it was needed. SIU CR Hernandez explained it was needed to verify his identity and asked again for his social security number or taxpayer ID number at which time the call disconnected. SIU CR Hernandez called Mr. Casper back, but the call went to voicemail.

SIU CR Hernandez conducted an Accurint search of Ronil Casper with the above date of birth with negative results. A search of his telephone number found it was listed to Renuka Bahadur who had a relative by the name of Ronil Kant Bahadur with the same date of birth given by Ronil Casper. There were no search results for the business name Security Innovations or Security Inovations.

On August 20, 2014, Mr. Casper called SIU CR Hernandez. He preferred not to give his social security number. SIU CR Hernandez explained she was unable to verify who he was or his business, at which time he said his last name was Bahadur. When asked why he gave the name Casper, he said people called him that and he just goes with it. Mr. Bahadur said he did repairs for Mr. Castro, but was at a job site and did not have the details of the work completed and when, but advised he would provide the information the following day.

On August 21, 2014, Mr. Bahadur advised he was not able to access the repairs and dates on his computer; however, he recalls doors and jambs were broken in November 2013 and the same doors were damaged in April. He advised he completed the repairs for the November 2013 damages and the repairs for the April loss. He asked for time to locate the information on his computer to provide further details.

On August 27, 2014, SIU CR Hernandez obtained Ronil Bahadur's recorded interview. He was unable to locate invoices for the repairs completed at the home of Mr. Castro; however, he recalled the loss in 2013 involved damages to a north exterior door to a bedroom, an interior door to upstairs, and advised he remembered the front door and its metal security door were pried open. He advised he replaced all of the doors, including the metal security door. A friend by the name of Brian helped with the repairs, but he does not know Brian's last name or how to reach him. He advised Mr. Castro purchased the materials.

Mrs. Bahadur advised the April damages as the prior loss, but worse than before. He advised the repairs were all completed except for the metal security door to a back room and the metal security door at the front. He also advised Mr. Castro purchased the materials. SIU CR Hernandez asked how many estimates he wrote for Mr. Castro and he said one, but did not remember the amount. He did not write two estimates. He did not know why State Farm had two Security Innovation estimates.

**Brian Tilseth**

On August 27, 2014, SIU CR Hernandez obtained Mr. Tilseth's recorded interview. He has a business, Norwegian Metal Fencing, he recently started. Mr. Castro was his first customer last year after his first loss when he installed a fence, security windows and security doors for him. Mr. Tilseth advised he sold Mr. Castro 3 solid core doors after the first loss.

SIU CR Hernandez asked Mr. Tilseth if he had ever given Mr. Castro any property and he answered," No, other than the doors." He advised he had not given Mr. Castro any document for items purchased with the exception of the signed and handwritten contract for the fence. Mr. Tilseth was not aware of the property Mr. Castro had stolen, but he was aware he had a lot of tools and musical equipment. Mr. Tilseth did not sell Mr. Castro any musical equipment or tools. He did not know where Mr. Castro obtained any of his tools, but knew he had a complete Snap On socket set, Snap On impact wrenches, several grinders and cordless drills. When asked why Mr. Castro said he obtained the tools from him, he said he did not know. He did not give or sell Mr. Castro any tools. The only money he received from Mr. Castro was for the window bars, the fence and 3 solid core doors. Mr. Tilseth said he did not write a statement that he sold any property to Mr. Castro.

**Subsequent Conversations with Floyd Castro**

On August 20, 2014, SIU CR Hernandez spoke with Mr. Castro and advised him of her concerns that she was unable to verify Mr. Casper's company. Mr. Castro advised he was not sure what Ronil's real name is because he could not pronounce it. He explained he uses the last name Casper because his other name would not be accepted in this society.

On August 27, 2014, SIU CR Hernandez received a call from Mr. Castro. They discussed the two estimates he submitted from Security Innovations. Mr. Castro said he submitted two estimates because we told him the first estimate was too high. He said

he and Mr. Bahadur found ways to lower the cost and sent the second estimate. Mr. Castro also asked why we needed information regarding his prior loss since that claim was paid. SIU CR Hernandez explained the need to verify the current damages claimed were from the second loss and not pre-existing damages. Mr. Castro advised it was obvious the damages were from the 2nd loss as the security doors were not installed at the time the first burglary occurred. He said he had the metal security doors installed after the prior loss in November 2013. Mr. Castro said he was going over the same information again which was aggravating, confusing and ridiculous. Mr. Castro said he did not think he had metal doors before the prior loss, but would ask Brian Tilseth who installed the metal doors.

On August 28, 2014, Mr. Castro called SIU CR Hernandez and said he did not understand why she was 'riding my friends about stuff. SIU Hernandez asked Mr. Castro if he wrote the one paragraph typed statement regarding the tools. Mr. Castro said he did not know the statement she was referring to. Mr. Castro advised he and Mr. Tilseth trade work. He bought the tools years ago. Mr. Castro again brought up he had brain surgery. Mr. Castro advised to omit the tools he does not have receipts for from the claim. He said he has provided proof of everything.

SIU CR Hernandez asked again if he wrote the statement regarding the purchase of the tools for $6,000. He said "No, Brian wrote that." SIU CR Hernandez advised Mr. Castro of her conversation with Mr. Tilseth wherein he said he did not sell or give him any tools and did not write the statement regarding the tools. Mr. Castro maintained Mr. Tilseth wrote the statement.

SIU CR Hernandez also asked Mr. Castro if he wrote the one paragraph typed statement about the gift of the guitar. He said Douglas (Freitas) wrote the statement. SIU CR Hernandez advised that it was questionable Mr. Freitas wrote the statement because his last name was spelled incorrectly.

SIU CR Hernandez also advised Mr. Castro the estimates for repair had the name Security Innovations misspelled. Mr. Castro said "You guys are ridiculous." SIU CR Hernandez did not ask Mr. Castro if he created the estimate because Mr. Castro had to leave.

On August 29, 2014, Mr. Castro called and advised Mr. Tilseth was confused during his conversation with SIU CR Hernandez. Mr. Castro explained he gave Mr. Tilseth $6,000 worth of marijuana for the tools and Mr. Tilseth would call to explain.

**Subsequent Conversation with Brian Tilseth**

On August 29, 2014, SIU CR Hernandez called Mr. Tilseth. Mr. Tilseth said he needed to recant some of his testimony. He did not want to get in trouble for receiving marijuana from Mr. Castro in trade for the tools which is why he said he did not sell him the tools. He said the trade was made a couple of years ago. He received 2lbs of marijuana from Mr. Castro, which sells for about $5,000, in trade for the tools.

Mr. Tilseth said they were his tools that he last used 8 years ago. The tools included a complete socket and ratchet set and wrench set. The cost to replace the tools today

would be $8,000 to $9,000. He had no receipts for the tools. Based on SIU CR Hernandez's prior contact with Snap On, records are not kept of customer purchases; only the dealer would have customer sales information. Mr. Tilseth did not recall the name of the Snap On dealer he purchased the tools from.

SIU CR Hernandez asked why he did not say he gave tools to Mr. Castro during his recorded interview. Mr. Tilseth said, 'I'm not just going to give him tools.' Mr. Tilseth has no proof he owned the tools or that the trade occurred. Mr. Tilseth advised he provided Mr. Castro a typed receipt at the time, but Mr. Castro had the only copy. Mr. Tilseth said he did not provide the one paragraph statement regarding the sale of tools to Mr. Castro.

**ISO**

Mr. Castro has a significant loss history. Between 2007 and 2014, he has had five prior auto thefts and two prior Homeowner thefts, five of which involved SIU.

**Oakland Police Report**

Mr. Castro reported the residential theft on the date of loss via the internet. He indicates the amount of $6,600 cash stolen. The Entry to the home was listed as back or rear door and pry tool as the method. The narrative states 'The house was turned upside down the rear door was pried open. The same people stole my truck twice and my motorcycles. They left a note on my bathroom mirror.'

On July 1, 2014, Mr. Castro provided a handwritten supplemental information report dated July 1, 2014, which included 3 Marshall 100 w amps and 3 4x12 Marshall speaker cabinets, and excluded the Fender amp.

**Floyd Castro Examination Under Oath**

On October 8, 2014, Mr. Castro provided his EUO at the office of Attorney Paula Shaw. Mr. Castro advised of his occupation as a plumber and current employment with Airco installing medical gas lines in dental offices. He also stated he grows and sells marijuana to individuals and has a license to do so. He estimates his income from the sale of marijuana the last two years was $30,000.

His income in 2014 was $30,000; $60,000 in 2013, and $33,000 in 2012. Mr. Castro advised of his bankruptcy and that he is behind one year in his mortgage payments. He denies any mortgage holder has taken any foreclosure action against him and was in the process of restructuring the loan.

Throughout the EUO, Mr. Castro advised of issues with his memory due to brain surgery in the 1980s as a result of a car accident and said he could not recall what he had for breakfast the morning of the EUO. He was also beaten with a pistol in 2013, but was not admitted to a hospital and a police report was not filed.

Mr. Castro admitted he has never been diagnosed with memory loss by a doctor, had no proof he had trouble with his memory, and had never lost a job due to memory

problems. However, during the EUO, Mr. Castro could not initially recall how many dogs he had at the house when the loss occurred.

On the date of loss, Mr. Castro left his home, but forgot to arm the alarm. He had sensors on all doors and the alarm reports to the alarm company, Monotronics. There had been no mention of an alarm prior to the EUO.

Mr. Castro clarified that the April 2014 theft loss involved one Marshall 100 amp and one Ampeg amp. He said he provided receipts for these items. Mr. Castro provided Guitar City receipts for the musical equipment items in May 2014. These receipts documented only one Ampeg amp, the Mackie Mixer, and four JBL JRX 115 speakers. When it was brought to his attention the receipts indicated JBL JRX 1115s, not JBL JRX 100s, he said they were actually the 115s, not 100s.

Mr. Castro provided a list at the EUO which appeared to be a list for his bankruptcy attorney David Arietta as his name was included in the document. The list included only 10 of the items Mr. Castro claimed stolen. The value of the Martin guitar on the list was $47,999, significantly higher than the claimed amount of $3,250. He did not have photos of the guitar. Mr. Castro advised that Doug Freitas who gave him the guitar did not realize its value. Mr. Castro initially thought it was a Fender guitar given to him by Jimmy Johnson because it was in a Fender case.

Mr. Castro denied typing the Security Innovations estimates and the one paragraph typed statement for the Martin guitar and the Snap On tools.

Mr. Castro provided several Home Depot receipts; however, he advised he was not sure which receipts included the purchase of materials for the repairs of the damages at his home as a result of the November 2013 break-in. The receipts included doors, locks and wood for the door frames. The receipts were dated January 6, 2014 through April 1, 2014. Mr. Castro thought all of the repairs were completed in November. He then said it took two months to make the repairs.

Mr. Castro believes someone who worked with him in his marijuana business told someone about the marijuana. He suspects that person may have something to do with the thefts, but has no idea who that person is.

The EUO process did not resolve any of the discrepancies and/or inconsistencies identified in our investigation of Mr. Castro's claim.

**Guitar City**

On February 6, 2015, SIU CR Hernandez spoke with Guitar City manager Kyle Cuenco. He confirmed the seven receipts Mr. Castro provided were valid and no items were returned.

## VI. APPLICABLE POLICY LANGUAGE

**SECTION I – CONDITIONS**

1. **Insurable Interest and Limit of Liability**. Even if more than one person has an insurable interest in the property covered, we shall not be liable:

   a. to the **insured** for an amount greater than the **insured's** interest; or

   b. for more than the applicable limit of liability.

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

   a. give immediate notice to us or our agent. Also notify the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

   b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

   c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   d. as often as we reasonably require:

      (1) exhibit the damaged property;
      (2) provide us with records and documents we request and permit us to make copies;

      ...

**SECTION I AND II CONDITIONS**

...

2. **Concealment or Fraud**. This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

...

A Reservation of Rights letter citing the Insurable Interest and Limit of Liability condition was sent to Mr. Castro on August 18, 2014. An amended Reservation of Rights letter citing the Concealment or Fraud condition was sent to Mr. Castro on September 8, 2014. An e-FD1 was filed with the Department of Insurance and NICB on September 9, 2014.

Claim Committee Report
05-30V1-561
Page 14

Re [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Re [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Redacted [redacted]

## IX. TEAM MANAGER ANALYSIS AND RECOMMENDATIONS

The SIU Team Manager is Jill Petrarca.

This loss involves the residential theft of property and damage to the insured's home on April 20, 2014.

In the course of our investigation, we found numerous inconsistencies in the facts presented by Mr. Castro.

Mr. Castro suffered a prior theft loss in November 2013 involving similar facts of loss, similar stolen items, and similar damage to his home. Mr. Castro was unable to provide documentation to support the repair of the damages to the home from the prior loss. Additional questions remain as Mr. Castro submitted two estimates both from Security Innovations for the structural repairs. Ronil Bahadur from Security Innovations advised he provided only one estimate to Mr. Castro. An Accurint search was conducted and found no business by the name of Security Innovations or any business for Ronil Bahadur.

Throughout the presentation of his claim, Mr. Castro made inconsistent statements as to what was stolen and how the items were acquired. In his first contact with State Farm

claims, he advised there was no musical equipment stolen. He subsequently submitted an inventory with several musical equipment items included. Mr. Castro also reported certain brands of items stolen and later reported different brands, and different quantities and values.

The insured's supplemental police report made in July 2014, almost 3 months after the date of loss, included 3 Marshall amps and speaker cabinets, yet he later changed the number of amps and their description.

Many of the items claimed stolen were not included in Mr. Castro's bankruptcy schedules and were only added after the insured was advised of the insurable interest question.

Based on the information gathered during our investigation, it is evident Mr. Castro made intentional misrepresentations and/or concealments of material facts with the purpose of obtaining insurance benefits he was not entitled to. Redacted [redacted]

Redacted [redacted], I recommend denial of this claim based on Mr. Castro's breach of the Concealment or Fraud condition of the policy, and the above noted case law and statute. I recommend citing the insured's breach of the Duties After Loss condition as additional grounds for denial as Mr. Castro did not document his loss. I also recommend continuing our reservation of rights for Insurable Interest. I further recommend voiding the policy effective April 20, 2014.

I recommend any unearned premium be retained as a credit against any payments issued to the insured in this claim. I also recommend reserving our rights to recover monies paid to the insured.

# EXHIBIT 41

Working Copy



# Contents Inventory Summary

Created on 02-13-15

**Customer:** FLOYD CASTRO
2370 SCOUT RD
OAKLAND, CA 946112724
(510)482-5221

**Claim Number:** 0530V1561
**Policy Number:** 57B3P1856
**Personal Property Limits:** $212,617.00
**Claim Handler:** Becky Hernandez
(707)641-7138
**Unit:** 29

**Date of Loss:** 04-20-2014
**Catastrophe Code:**

| Item No. | Qty | Item Description / Mfg | Spcl Lmt | Settlement Option | Cost to Repair/ Replace (Includes tax if applicable) | Depr % | Depreciation Amount | Actual Cash Value | Our Cost to Repair/ Replace (Includes tax if applicable) | Total this Settlement | Previous Payments | Payments to Date | Replacement Cost Available ** | Qty Avail for RC ** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 18" Chain Saw | | Actual Cash Value | 654.00 | 20.00 | 130.80 | 523.20 | 654.00 | 523.20 | 0.00 | 523.20 | 130.80 | 1 |
| 2 | 1 | Tascam Cord | | Actual Cash Value | 545.00 | 30.00 | 163.50 | 381.50 | 545.00 | 381.50 | 0.00 | 381.50 | 163.50 | 1 |
| 3 | 1 | Impact Wrench / Snap On | | Actual Cash Value | 1,744.00 | 10.00 | 174.40 | 1,569.60 | 1,744.00 | 1,569.60 | 0.00 | 1,569.60 | 174.40 | 1 |
| 4 | 1 | Die Grinder / Snap On | | Actual Cash Value | 381.50 | 10.00 | 38.15 | 343.35 | 381.50 | 343.35 | 0.00 | 343.35 | 38.15 | 1 |
| 5 | 1 | Socket Set | | Actual Cash Value | 6,540.00 | 30.00 | 1,962.00 | 4,578.00 | 6,540.00 | 4,578.00 | 0.00 | 4,578.00 | 1962.00 | 1 |
| 6 | 1 | Merlin Hunting Bow | | Actual Cash Value | 1,090.00 | 80.00 | 872.00 | 218.00 | 1,090.00 | 218.00 | 0.00 | 218.00 | 872.00 | 1 |
| 7 | 1 | Spotter / Snap On | | Actual Cash Value | 1,308.00 | 30.00 | 392.40 | 915.60 | 1,308.00 | 915.60 | 0.00 | 915.60 | 392.40 | 1 |
| 8 | 1 | Roland Electric Drum | | Actual Cash Value | 4,360.00 | 20.00 | 872.00 | 3,488.00 | 4,360.00 | 3,488.00 | 0.00 | 3,488.00 | 872.00 | 1 |
| 9 | 1 | Mackie PH 808S | | Actual Cash Value | 1,199.00 | 60.00 | 719.40 | 479.60 | 1,199.00 | 479.60 | 0.00 | 479.60 | 719.40 | 1 |
| 10 | 2 | JBL JRX 100 Speakers | | Actual Cash Value | 1,308.00 | 30.00 | 392.40 | 915.60 | 1,308.00 | 915.60 | 0.00 | 915.60 | 392.40 | 2 |
| 11 | 1 | Fender Princeton Chorus | | Actual Cash Value | 545.00 | 30.00 | 163.50 | 381.50 | 545.00 | 381.50 | 0.00 | 381.50 | 163.50 | 1 |
| 12 | 2 | JBL JRX 100 | | Actual Cash Value | 1,308.00 | 30.00 | 392.40 | 915.60 | 1,308.00 | 915.60 | 0.00 | 915.60 | 392.40 | 2 |
| 13 | 1 | Ziban 22" | | Actual Cash Value | 392.40 | 30.00 | 117.72 | 274.68 | 392.40 | 274.68 | 0.00 | 274.68 | 117.72 | 1 |

Working Copy

* Indicates an item was ordered through Replacement Service.

** The amount of Replacement Cost Available is subject to policy limitations.

Item No = Item Number  Qty = Quantity  Mfg = Manufacturer  Spcl Lmt = Special Limit  Depr = Depreciation  RC = Replacement Cost  Avail = Available



For internal use only. This form and all information contained herein constitute confidential information, which may not be disclosed without appropriate State Farm authorization.

**Working Copy**

**Claim Number:** 0530V1561 **Customer:** FLOYD CASTRO

| Item No. | Qty | Item Description / Mfg | Spcl Lmt | Settlement Option | Cost to Repair/ Replace (includes tax if applicable) | Depr % | Depreciation Amount | Actual Cash Value | Our Cost to Repair/ Replace (includes tax if applicable) | Total this Settlement | Previous Payments | Payments to Date | Replacement Cost Available ** | Qty Avail for RC ** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 1 | Fender Acoustic Guitar | | Actual Cash Value | 3,542.50 | 32.50 | 1,151.31 | 2,391.19 | 3,542.50 | 2,391.19 | 0.00 | 2,391.19 | 1151.31 | 1 |
| 15 | 1 | 1" Impact Wrench / Snap On | | Actual Cash Value | 1,308.00 | 10.00 | 130.80 | 1,177.20 | 1,308.00 | 1,177.20 | 0.00 | 1,177.20 | 130.80 | 1 |
| 16 | 1 | Air Hammer Set / Snap On | | Actual Cash Value | 599.50 | 10.00 | 59.95 | 539.55 | 599.50 | 539.55 | 0.00 | 539.55 | 59.95 | 1 |
| 17 | 2 | Marshal Amps | | Actual Cash Value | 1,308.00 | 30.00 | 392.40 | 915.60 | 1,308.00 | 915.60 | 0.00 | 915.60 | 392.40 | 2 |
| | | | | Totals | 28,132.90 | | 8,125.13 | 20,007.77 | 28,132.90 | 20,007.77 | 0.00 | 20,007.77 | | |

| | |
|---|---|
| **Policy Deductible:** | $2,000.00 |
| **Deductible Absorbed:** | $0.00 |
| **Personal Property Over Limits:** | $0.00 |
| **Total Replacement Cost Available:** | $8,125.13 |

| | |
|---|---|
| **Total For All Settlements:** | $20,007.77 |
| **Less Deductible Applied:** | $2,000.00 |
| **Less Advances and Other Payments:** | $0.00 |
| **Less Ordered Items:** | $0.00 |
| **Less Previous Payments to Customer:** | $0.00 |
| **Plus Customer Payments:** | $0.00 |
| **Amount Due Customer:** | $18,007.77 |

Working Copy

* Indicates an item was ordered through Replacement Service.

** The amount of Replacement Cost Available is subject to policy limitations.

Item No = Item Number Qty = Quantity Mfg = Manufacturer Spcl Lmt = Special Limit Depr = Depreciation RC = Replacement Cost Avail = Available



For Internal use only. This form and all information contained herein constitute confidential information, which may not be disclosed without appropriate State Farm authorization.

**Working Copy**

**Claim Number:** 0530V1561 **Customer:** FLOYD CASTRO

Special Limits Involved:

| SPECIAL LIMIT LIABILITY | | Item Limit | Amount Over Special Limit (per Item) | Aggregate Limit | Amount Over Special Limit (aggregate) | Replacement Cost Available (if applicable) |
|---|---|---|---|---|---|---|
| BP | BUSINESS PROPERTY | 0.00 | 0.00 | 1500.00 | 0.00 | ** |
| FA | FIREARMS | 0.00 | 0.00 | 2500.00 | 0.00 | ** |
| HC | HOME COMPUTERS | 0.00 | 0.00 | 5000.00 | 0.00 | ** |
| JF | JEWELRY & FUR | 1500.00 | 0.00 | 2500.00 | 0.00 | ** |
| MO | MONEY | 0.00 | 0.00 | 200.00 | 0.00 | ** |
| OR | ORIENTAL RUGS | 5000.00 | 0.00 | 10000.00 | 0.00 | ** |
| SG | SILVER & GOLD WARE | 0.00 | 0.00 | 2500.00 | 0.00 | ** |
| SI | SECURITIES & NEGOTIABLE INSTRUMENTS | 0.00 | 0.00 | 1000.00 | 0.00 | ** |
| ST | STAMPS & TRADING CARDS | 0.00 | 0.00 | 2500.00 | 0.00 | ** |
| TR | TRAILERS | 0.00 | 0.00 | 1500.00 | 0.00 | ** |
| WC | WATERCRAFT | 0.00 | 0.00 | 1500.00 | 0.00 | ** |

Working Copy

**Important Information - Additional Payments May be Available for Replacement Cost - Personal Property:**

Your policy may provide for additional payments on a replacement cost basis for some of your personal property items.

The personal property items must be repaired or replaced within a specified period of time in order to present a claim for additional payments on a replacement cost basis. Please refer to your policy for specific time limits and additional settlement provisions. Depending on the amount you spend, the column entitled "Replacement Cost Available" lists the additional payment you may be eligible to receive when each item is repaired or replaced.

Following repair or replacement, please submit your documentation to us referring to the claim number and item number.

Please contact your claim representative if you have any questions.

* Indicates an item was ordered through Replacement Service.

** The amount of Replacement Cost Available is subject to policy limitations.

Item No = Item Number Qty = Quantity Mfg = Manufacturer Spcl Lmt = Special Limit Depr = Depreciation RC = Replacement Cost Avail = Available



For Internal use only. This form and all information contained herein constitute confidential information, which may not be disclosed without appropriate State Farm authorization.

# EXHIBIT 42

StateFarm™

February 13, 2015

State Farm
CA Fire Claims
PO Box 52258
Phoenix, AZ 85072-2258
Fax 844-236-3646

FLOYD CASTRO
2370 SCOUT RD
OAKLAND CA 94611-2724

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
**REGULAR U S MAIL**

| | | |
|---|---|---|
| RE: | Claim Number: | 05-30V1-561 |
| | Date of Loss: | April 20, 2014 |
| | Policy Number: | 57-B3P185-6 |
| | Loss Location: | 2370 Scout Rd., Oakland, CA |

Dear Mr. Castro:

This letter follows your conversation with SIU Claim Representative Becky Hernandez regarding the above referenced claim.

Please be advised that our investigation is completed and we are denying your claim based on your breach of the policy conditions pertaining to **Concealment or Fraud** and **Your Duties After Loss.**

During the presentation of your claim for the burglary at your home, you provided State Farm® inconsistent and contradictory information and documentation including, but not limited to the following:

- You initially advised State Farm all of the tools claimed stolen were purchased at a flea market. You subsequently provided a typed statement indicating the Snap On socket set was purchased from Brian Tisleth. Mr. Tilseth advised State Farm he did not provide you with a typed statement for the sale of tools.
- You initially advised State Farm you had no musical equipment stolen. You subsequently provided State Farm an inventory with several items of musical equipment included.
- You provided numerous versions of the number, brands and values of the amplifiers stolen.
- You did not provide documentation for high value items claimed stolen including the chainsaw, two Snap On impact wrenches, the Snap On die grinder, Snap On vac spotter, Roland electric drum, and the Snap On air hammer set.

- The documentation you provided for sound equipment had models/types which were inconsistent with the models/types included on your inventory.

- You initially claimed a Fender guitar valued at $3,250 was stolen. You later advised it was a Martin guitar worth $47,999. During your examination under oath, you testified you played the guitar once or twice per week, yet claim you did not know it was a Martin guitar because it was in a Fender case.

- Many of the items claimed stolen were not included in the property schedule of the bankruptcy you filed in 2012.

- You provided numerous versions of who and when repairs were made following your November 2013 and April 2014 burglaries. For the April 2014 loss, you submitted two estimates for the repairs to your home by Security Inovationd [sic]. State Farm contacted the owner, Ronil Bahadur aka Ron Casper, who advised he only prepared one estimate.

We are denying your claim based on your breach of the following policy language contained in your Homeowners Policy Form FP-7955-CA:

**SECTION I AND SECTION II - CONDITIONS**

...

2. **Concealment or Fraud**. This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

...

**SECTION I – CONDITIONS**

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

   ...

   c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   d. as often as we reasonably require:

      ...

      (2) provide us with records and documents we request and permit us to make copies;

      ...

CASTRO, FLOYD
05-30V1-561
PAGE 3

Based on the above, we do not believe any basis exists for payment of this claim. The direct and circumstantial evidence strongly indicates you have engaged in concealment and/or fraud and false swearing. Accordingly, we must deny your claim. Moreover, under the policy language the policy is hereby declared to be void as of April 20, 2014.

Since State Farm is declaring your policy void as of the date of your loss of April 20, 2014, any return premium owed as a result of the voiding of your policy will be credited against the payment issued to you for the loss. We also expressly reserve our rights under the policy to recover monies issued to you on your claim.

We are required by California Insurance Regulations, Section 2695.7 (b) (3), to advise you that if you believe this claim or any part of this claim has been wrongfully denied or rejected, you may have the matter reviewed by the California Department of Insurance, Claims Service Bureau, 300 South Spring Street, Los Angeles, CA 90013, telephone 800 927 4357.

The California Fair Claims Settlement Practices Regulations state that you must be notified of the following policy provision concerning suits against State Farm:

**SECTION I – CONDITIONS**

6. **Suit Against Us.** No action shall be brought unless there has been compliance with the Policy provisions. The action must be started within one year after the date of loss or damage.

The one year period referred to does not include the time we take to investigate your claim. The time from the date of loss to the date you reported your claim to your agent does count in computing the amount of time that has already expired. The suit limitation period begins running as of the date of this letter.

This company does not intend by this letter to waive any policy defenses in addition to those stated above, and reserves its rights to assert such additional policy defenses at any time. We continue to expressly reserve any and all of our rights under the policy as outlined in our letters dated August 18, 2014 and September 8, 2014.

If you have additional information regarding your claim which has not been previously considered or if you desire additional explanation regarding this matter, please contact SIU Claim Representative Becky Hernandez at 707-641-7138 or me at 916-746-5049.

Sincerely,

Jill Petrarca
Team Manager
Special Investigative Unit
Direct Office 916-746-5049
State Farm General Insurance Company

# EXHIBIT 43

StateFarm®

Bakersfield Operations Center
900 Old River Road
Bakersfield, California 93311-6000

March 3, 2015

CASTRO, FLOYD
2370 SCOUT RD
OAKLAND CA 94611-2724

RE: Policy Number: 57-B3-P185-6 C9
Policy Type: Homeowners Policy
Location: 2370 Scout Rd
Oakland CA 94611-2724

Claim Number: 0530V1561

Dear Mr. Castro:

In our letter to you dated February 13, 2015, State Farm® denied liability for a claim arising out of a burglary loss which purportedly occurred on April 20, 2014. In accordance with that letter, State Farm® considers the captioned policy void and of no force and effect as of April 20, 2014. This action is in accordance with the California Insurance Code, Chapter 11, Section 676, Paragraph C which states a policy may be cancelled midterm if there has been:

Discovery of fraud or material misrepresentation by either of the following:
(1)The insured or his or her representative in obtaining the insurance
(2)The named insured or his or her representative in pursuing a claim under the policy

We urge you to secure other insurance. If insurance cannot be obtained, you may be eligible for fire coverage through the California Fair Plan. Details may be obtained from this association at:

PO Box 76924
Los Angeles, CA. 90076-0924
(800) 339-4099 or (213) 487-0111

Enclosed, please find premium refund check number 702 802950 in the amount of $$558.20. These funds represent any premiums we received under the policy for coverage after April 20, 2014.

Sincerely,

Steve Smith
Western Market Area - Underwriting Team Manager
State Farm General Insurance Company

Enclosure:
Premium Refund Check

CC: Mat Dahms, 009605/FB8E
Jill Petrarca, Fire Claims Team Manager, S.I.U.

# EXHIBIT 44

05-26Q0-799

**StateFarm**

# Personal Property Inventory - Customer Worksheet

See instructions and example provided.

Claim Number: 052600799 Insured's Name: Floyd F Castro Date of Loss: 11/18/1

Room: ______ Phone Number: ☑ (H) 510 482-522 ☐ (W) ______ ☑ (C) 510-333

(Please indicate the best contact number)

| Item No. | 1. Qty | 2. Detailed Description of Item | 3. Brand Name/Model Number and/or Specifications | 4. Where Purchased or Obtained | 5. Age of Item | 6. Today's Repair Cost/ Replacement Cost/Amount of Loss (without tax*) | 7. Docume[nts] Attac[hed] (X) |
|---|---|---|---|---|---|---|---|
| | 1 | Gold Chain | ? | Present | 30 yrs | $ 2000 ? | |
| | 1 | Gold Coin | | Present | 30 yrs | $ 5000. ? | |
| | 1 | Gold Chain | | Present | 15 yrs | $ 2000 | |
| | 1 | Gun Safe | | Tradesman Costco | 5 yrs | $ 900.00 | |
| | 1 | Gun Safe | | Walmart | 4 yrs | $ 2000.00 | |
| | 1 | Nikon Camera Digital | | Best Buy | 3 yrs | $ 800.00 | |
| | 1 | Guitar Fenders Strat | | Guitar Center | 20 yrs | $ 900.00 | |
| | 1 | Marshall Amp | | Guitar Center | New | $ 2200. | |
| | 1 | Recording Device | | Guitar Center | 2 yrs | $ 1200 | |
| | 1 | Surveilance Recorder | | Home Depot | 2 yrs | $ 400.00 | |
| | 1 | Dutch Made Knife | | Portland | 10 yrs | $ 300.00 | |
| | 1 | Gold Cross | | Gift | 20 yrs | $ 1000 | |
| | 1 | Gold Medalion Serenity Prayer | | Gift | 10 yrs | $ 600 | |

Item No. = Item Number Qty = Quantity *Sales tax will be added by your claim representative if applicable.

**For your protection California Law requires the following to appear on this form: Any person who knowingly presents a false or fraudulent clai[m for] payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.**

The above information is true to the best of my knowledge.

Insured's Signature: [signature] Date: 11/27/13

Page 1 of 2

133510 12-19-2012

SHAW0433

330

StateFarm®

# Personal Property Inventory - Customer Worksheet

See instructions and example provided.

Claim Number: 0526Q0799 Insured's Name: Floyd Castro Date of Loss: 11/18

Room: ______ Phone Number: ☐ (H) 510 482-5221 ☐ (W) ______ ☑ (C) 510 333 9[illegible]

(Please indicate the best contact number)

| Item No. | 1. Qty | 2. Detailed Description of Item | 3. Brand Name/Model Number and/or Specifications | 4. Where Purchased or Obtained | 5. Age of Item | 6. Today's Repair Cost/ Replacement Cost/Amount of Loss (without tax*) | Docu At |
|---|---|---|---|---|---|---|---|
| | ~~1~~ | ~~Gold Chain~~ | | ~~Present~~ | ~~30yrs~~ | | |
| | 1 | Beach Made Knife | Hunter | Cutlery Shop | 7yrs | $ 400.00 | |
| | 1 | Beach Made Knife | | St. | 1 | $ 500.00 | |
| | | + Doors | | | | $ | |
| | | | | | | $ | |
| | | | | | | $ | |
| | | | | | | $ | |
| | | | | | | $ | |
| | | | | | | $ | |
| | | | | | | $ | |
| | | | | | | $ | |
| | | | | | | $ | |
| | | | | | | $ | |
| | | | | | | $ | |

Item No. = Item Number Qty = Quantity *Sales tax will be added by your claim representative if applicable.

**For your protection California Law requires the following to appear on this form: Any person who knowingly presents a false or fraudulent clai[m for] payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.**

The above information is true to the best of my knowledge.

Insured's Signature: ______ Date: ______

1001998 Page 1 of 2 133510 12-19-2012

GUITAR CENTER EMERYVILLE
5925 Shellmound St
Emeryville, CA 94608
510-559-1055
DUPLICATE

Sls no: 2241316219
08-09-09
01 REGULAR SALE

| | Sku | Amount |
|---|---|---|
| INTRF | 4508532224 | 945.00 |
| Ser no: 895MK31004915 | 8612554000 | 69.00 |
| D-10-CWSR8.00-10C | 0873641000 | 199.99 |
| MIC STAND | 5995269000 | 29.99 |
| M MIC STAND BLK | 1968958000 | 39.99 |

| | |
|---|---|
| Subtotal | 1283.97 |
| Tax | 125.19 |
| Total | 1409.16 |

Cashier: 038549

OR THE SIGNATURE SOLO CONTEST FOR THE BES

Buy On... Or ca... WE LO...

...tarCenter.com/OpenEars.

Holida... 2013 m... ...er 1 and December 24, ...y 31, 2014.

Layaway 2013 ma... : after November 1, ...er 24, 2013.

For deta... please g... ...isfaction Guarantees ...es

Like us:... Follow u... Subscribe... ...nter Salesperso...

EMERYVILLE
5925 Shellmound St
Emeryville, CA 94608
510-559-1055

Sales Date : 03-22-13
Sales No. : 2241604872
Sales Type : (08) LAYAWAY SALE
Customer No.: 2200236099 FLOYD CASTRO

DUPLICATE

| QTY | DESCRIPTION | EXT.AMT |
|---|---|---|
| 1 | MARSHALL JAMDURI [illegible] 4CH JAM SER VALVE GTR HEAD SKU # [illegible] SER# [illegible] | 1,919.99 |
| 1 | [illegible] SKU # 5722492000 | 299.99 |

Referencing Sales Ticket [illegible]

| PAY TYPE | PAY AMT |
|---|---|
| 13 USE OF CREDIT ON ACCOU | 1,784.79 |
| 08 DEBIT CARD | 607.99 |

Subtotal: 2,219.98
Tax: 172.80
Total: 2,392.78

Please Note: WE BUY USED GEAR!!!
Cashier: 01327 Salesperson: 01327 PAUL PALMER

Thank You for Shopping at Guitar Center!!!
Buy Online Now at www.guitarcenter.com
Or call 1-866-498-7882
WE LOVE FEEDBACK. Tell us yours at GuitarCenter.com/OpenEars.
Holiday gifts purchased between November 1 and December 24, 2013 may be returned as late as January 31, 2014.
Layaways for holiday gifts placed on or after November 1, 2013 may be picked up as late as December 24, 2013.
For details on our Lowest Price and Satisfaction Guarantees please go to www.guitarcenter.com/policies
Like us: facebook.com/guitarcenter
Follow us on Twitter/Instagram: @guitarcenter
Subscribe to us: youtube.com/guitarcenter

TOTAL COUPON SAVINGS:
$400.00

SHAW0435

LexisNexis®

For Customer Support refer to the appropriate platform below:

**OrderPoint**
800-934-9698
Orderpoint support@lexisnexis com

**Accurint for Insurance**
866-277-8407
Accurint support@lexisnexis com

**Lexis.com**
Law Firm accounts
800-543-6862

REPORT ATTACHED

PAGE COUNT: 5

---

CLIENT : SF5431
DIVISION :
ADJUSTER : GLG001
CLAIM : 05-26Q0-799

TRANSACTION # : 458486361
DATE : 12/24/2013

DATE OF LOSS : 10/18/2013 TIME OF LOSS :
STREET : 2370 SCOUT RD
CITY : OAKLAND
COUNTY : ALAMEDA
STATE : CA

INVESTIGATING AGENCY : OAKLAND PD
REPORT NUMBER : SEE BELOW
REPORT TYPE : Theft Burglary
PARTY 1 : FLOYD CASTRO
PARTY 2 :
PARTY 3 :

CAR : MAKE : YEAR :
TAG :

DRIVER LICENSE :
ADDITIONAL INFO :
REQUESTING ALL REPORTS FILED FOR OCTOBER 2013 FOR NAME & ADDR

POLICY #:
POLICY STATE:
LOSS KIND:

---

NOTE :

---

THANK YOU FOR YOUR ORDER!

Printed by: obt3786
Printed date/time: 12/19/13 4:15

# Incident Report

Page 1 of 4

OAKLAND POLICE DEPARTMENT
455 7TH STREET
OAKLAND, CALIFORNIA 94607
(510) 238-3021

**Incident Number: 13-912719**

## Incident Summary

**Incident Type:** BURG - RESIDENTIAL
**Inc Occurred Address:** 2370 SCOUT RD, OAKLAND, CALIFORNIA 94611
**Inc Occurred Start:** 11/19/2013 23:20 **Inc Occurred End:** 11/19/2013 23:20
**Bias Motivation:** **Gang Related:** N
**Contact Nature:**
**Reporting Officer:** INTERFACE, COPLOGIC **Primary Assigned Officer:**
**Case Status:** **Disposition:** **Disposition Date:**
**Report Type:** INCIDENT REPORT
**Sector/Beat:** CCD4/13Z
**Report Taken:** 11/19/2013 23:29
**Substance:** U
**Reported Date/Time:** 11/19/2013 23:29

### Offenses

**Statute Code:** PC459 **Enhancers:**
**Statute Desc:** BURGLARY-FORCIBLE ENTRY
**Counts:** 1 **Statute Severity:** Felony

### Officers

| Event Association | Emp# | Badge# | Name | Squad# |
|---|---|---|---|---|
| REPORTING OFFICER | | | INTERFACE, COPLOGIC | |
| S | 8691 | | TATLISU, YUCEL | |

## Persons Involved

**Person#:** 0001 **MNI:** 1895484 **Can ID Suspect:** No
**Event Association:** VICTIM **Contact Date/Time:** 11/19/2013 23:20
**Name:** CASTRO, FLOYD F
**SSN:** **DOB:** 03/16/1962 **Age:** 51 - 51 **Sex:** MALE **Race:** HISPANIC
**Height:** **Weight:** **Eye Color:** **Hair Color:**
**Address:** 2370 SCOUT RD, OAKLAND, CALIFORNIA 94611 **Sector/Beat:** CCD4/13Z
**Phone Type 1:** HOME **Phone# 1:** (510) 482-5221 **Ext 1:**
**Phone Type 2:** **Phone# 2:** **Ext 2:**
**DL State:** CALIFORNIA **DL#:** C0378157 **DL Exp. Date:**
**Occupation:** **Employer/School:**

### Characteristics

| Characteristic Type: | Further Defined By: | Description: |
|---|---|---|
| EMAIL | | MEDGAS1@YAHOO.COM<br>24.23.245.38 |

Printed by: obt3786
Printed date/time: 12/19/13 4:15

# Incident Report



OAKLAND POLICE DEPARTMENT
455 7TH STREET
OAKLAND, CALIFORNIA 94607
(510) 238-3021

**Incident Number: 13-912719**

## Property Involved

**Property # 0001**
**Evidence:** No
**Event Assoc/Orig status:** STOLEN
**Original Status Date:** 11/19/2013 23:29:48
**Original Value:** $5,000.00
**Current Status:** STOLEN
**Current Status Date:** 11/19/2013 23:29:00
**Current Value:** $5,000.00
**Property Type:**
**Description:** GOLD RING GOLD CHAIN GOILD MEDAL GOLD MEDAL GOLD CHAIN
**Make/Brand:**
**Model:**
**Color:**
**Quantity:** 6
**Serial/Lot#:**
**Owner Applied#:**
**NCIC Date:**
**NCIC Reported By:**
**NCIC#:**
**NCIC Cancelled:**

### Property/Person Associations

| Per#: | Person Name: | Association: |
|---|---|---|
| 0001 | CASTRO, FLOYD F | |

**Property # 0002**
**Evidence:** No
**Event Assoc/Orig status:** STOLEN
**Original Status Date:** 11/19/2013 23:29:48
**Original Value:** $4,000.00
**Current Status:** STOLEN
**Current Status Date:** 11/19/2013 23:29:00
**Current Value:** $4,000.00
**Property Type:**
**Description:** GUITAR FENDER STRATOCASTER
**Make/Brand:**
**Model:**
**Color:**
**Quantity:** 1
**Serial/Lot#:**
**Owner Applied#:**
**NCIC Date:**
**NCIC Reported By:**
**NCIC#:**
**NCIC Cancelled:**

### Property/Person Associations

| Per#: | Person Name: | Association: |
|---|---|---|
| 0001 | CASTRO, FLOYD F | |

**Property # 0003**
**Evidence:** No
**Event Assoc/Orig status:** STOLEN
**Original Status Date:** 11/19/2013 23:29:48
**Original Value:** $2,000.00
**Current Status:** STOLEN
**Current Status Date:** 11/19/2013 23:29:00
**Current Value:** $2,000.00
**Property Type:**
**Description:** MARSHAL 100 W AMP AND MARSHAL 1/2 STACK
**Make/Brand:**
**Model:**
**Color:**
**Quantity:** 1
**Serial/Lot#:**
**Owner Applied#:**
**NCIC Date:**
**NCIC Reported By:**
**NCIC#:**
**NCIC Cancelled:**

### Property/Person Associations

| Per#: | Person Name: | Association: |
|---|---|---|
| 0001 | CASTRO, FLOYD F | |

Printed by: ob13788
Printed date/time: 12/19/13 4:15

# Incident Report



OAKLAND POLICE DEPARTMENT
455 7TH STREET
OAKLAND, CALIFORNIA 94607
(510) 238-3021

**Incident Number: 13-912719**

## Property Involved

**Property # 0004**

**Event Assoc/Orig status:** STOLEN
**Current Status:** STOLEN
**Property Type:**
**Description:** DIGITAL RECORDING DEVICE, MOTU 896MK3
**Make/Brand:**
**Color:**
**Serial/Lot#:**
**NCIC Date:**
**NCIC#:**

**Evidence:** No
**Original Status Date:** 11/19/2013 23:29:48 **Original Value:** $1,000.00
**Current Status Date:** 11/19/2013 23:29:00 **Current Value:** $1,000.00
**Model:**
**Quantity:** 1
**Owner Applied#:**
**NCIC Reported By:**
**NCIC Cancelled:**

### Property/Person Associations

| Per#: | Person Name: | Association: |
|---|---|---|
| 0001 | CASTRO, FLOYD F | |

Printed by: obt3786
Printed date/time: 12/19/13 4:15

# Incident Report

Page 4 of 4

OAKLAND POLICE DEPARTMENT
455 7TH STREET
OAKLAND, CALIFORNIA 94607
(510) 238-3021

Incident Number: 13-912719

**Narratives**

ENTERED DATE/TIME: 11/20/2013 07:30:28

SUBJECT: CITIZEN NARRATIVE

SUSPECT(S) FORCED SIDE DOOR OPEN AND MADE ENTRY. THEN STOLE LISTED ITEMS AND FLED FROM THE SCENE. I WANT TO PRESS CHARGES.

# EXHIBIT 45

**CSR: Frank Thatcher**
**Order No. 218873.001**

| | |
|---|---|
| **RECORDS OF.:** | Floyd Castro |
| **RECORDS TYPE:** | Any & All Records and Documents |
| **LOCATION:** | Farmers Insurance Company, Inc.<br>6303 Owensmouth Avenue<br>Woodland Hills, CA 91367 |
| **DELIVER TO:** | Hayes, Scott, Bonino, Ellingson & McLay, L.L.P.<br>203 Redwood Shores Parkway Suite 480<br>Redwood City, CA 94065 |
| **ATTN:** | Jamie A. Radack, Esquire |
| **CLAIM / FILE NO.:** | STF495 / STF495 |
| **INSURED:** | |
| **D.O.L.:** | |
| **CASE NAME** | Floyd Castro,<br>vs.State Farm General Insurance Company, et al., |

## VOLUME 1 OF 2

HAYES, SCOTT, BONINO, ELLINGSON, McLAY

OCT 24 2016

NO CALENDARING

CALENDARED

VIA UPS TIME 10:35

US LEGAL SUPPORT

The Power of Commitment™

800.600.7788 | www.uslegalsupport.com

Court Reporting | Record Retrieval | eDiscovery Services | Trial Services

US LEGAL SUPPORT
The Power of Commitment

**The enclosed documents have been reviewed and verified by the following:**

___✓___ Date of Birth

______ Social Security Number

___✓___ Patient / Subject Name / Initial

______ Date of Treatment and or Accident

______ File Number

______ Phone conversation with ____________ from your office.

______ No verifiable data supplied when records were requested.

______ No verifiable data in file.

**OTHER:** ____________________________

**As you have requested, these records consists of:**

______ Any and All records available.

______ Only those records consistent with specified omissions.

**Please note, the original documents that were provided by the location were of:**

______ **Good Quality** ___✓___ **Satisfactory Quality** ______ **Poor Quality**

**VOL.** ___1___ **of** ___2___

**For your information:** ____________________________

____________________________

____________________________

Assembled by: [signature] Verified by: ____________

Pagination by: ____________ Charted by: ____________

***THANK YOU FOR USING U.S. LEGAL SUPPORT, INC.!***

US LEGAL SUPPORT

# Any & All Records Vol1of2

**ORDER #:** 218873.001

**CASE NAME:** Castro v. State Farm General Insurance Company

**RECORDS ON:** Floyd Castro

**RECORDS FROM:** Farmers Insurance Company, Inc.
6303 Owensmouth Avenue
Woodland Hills, CA 91367

**SUBSTITUTED FOR:**

Any & All Records Vol1of2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action WorkOrder#: 218873.001

# UNITED STATES DISTRICT COURT

for the

NORTHERN District of CALIFORNIA

**Floyd Castro,**
*Plaintiff*
Vs.

**State Farm General Insurance Company, et al.,**
*Defendant*

Civil Action No.: **4:15-CV-05728-WHO**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Farmers Insurance Company, Inc.**
**6303 Owensmouth Avenue**
**Woodland Hills, CA 91367**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**SEE ATTACHMENT "A".**

| Place: U.S. Legal Support, Inc. - Woodland Hills<br>20970 Warner Center Lane, Suite C<br>Woodland Hills, CA 91367 | Date and Time:<br>09/29/2016 9:00AM |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry on the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2016

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

*Jamie A. Radack, Esquire*
*Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **State Farm General Insurance Company,** who issues or requests this subpoena, are: **Jamie A. Radack, Esquire, SBN. 221000** Hayes, Scott, Bonino, Ellingson & McLay, L.L.P., 203 Redwood Shores Parkway Suite 480, Redwood City, CA 94065 , Phone: (650) 637-9100

**Notice to the person who issues or requests this subpoena**

A notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a) (4).

# ATTACHMENT "A"
# SUBPOENA OF RECORDS OF FARMERS INSURANCE

Farmers Insurance Company, Inc.
455 Hickey Blvd. #250
Daly City, CA 94015

## DEFINITIONS AND INSTRUCTIONS

DOCUMENTS: Defined as in Federal Rule 34(a), and includes the original, copy or electronic storage of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including, letters, words, pictures, sounds, or symbols, or combinations of them.

COMPUTER DATA: Means any documents, information or data ever placed into or stored on any of your computers, including but not limited to the hard drive, lap tops, disks, storage systems, retrieval systems and similar systems, e-mails, Internet transmissions, electronic bulletin boards, diary systems, calendar systems, tickler systems or any other programs.

YOU or YOUR: Means FARMERS INSURANCE COMPANY, INC., YOUR agents, YOUR employees, YOUR attorneys, YOUR accountants, YOUR investigators, YOU affiliates, and anyone else acting on YOUR behalf.

CASTRO: Means FLOYD CASTRO, address 2370 Scout Rd., Oakland, CA 94611, phone (510) 482-5221; date of birth March 16, 1962.

CLAIM: Means YOUR CLAIM number 3002507594, date of loss April 20, 2014 submitted by CASTRO.

YOUR WRITTEN RESPONSE TO THIS INSPECTION DEMAND must respond separately to each numbered demand for inspection below by:

A. a statement that you will comply with the particular demand;.

B. a statement that you lack the ability to comply with the particular demand; or

C. any objection to the particular demand.

1. If your response to a particular demand is a **statement that you will comply** with that demand, you must state in your response whether

the production will be allowed in whole or in part, and you must state that all documents or things in the demanded category that are in your possession, custody or control and to which no objection is being made will be included in the production.

2. If your response to a particular demand is **a statement that you lack the ability to comply** with that demand, you must affirm in your response that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand. This statement shall also specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody or control, in which case the name and address of any person or entity known or believed by you to have possession, custody or control of that document or category of documents should be identified.

3. If your response to a particular demand is an objection, you must set forth in your response the extent of, and the specific ground for, the objection. In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection and state the particular privilege or protection being invoked. **To identify with particularity documents withheld from production**, your should provide, for each document withheld, the following information if known or available to you:

4. Title or subject matter of document;

5. The date composed or date appearing on the document;

6. Author and Addressee;

7. Number of Pages;

8. Identify of all persons or entities who saw or received a copy of such document, including the job titles of each such person;

9. The present location of the item;

10. The identity of the person or persons who have custody, control, or possession thereof.

This request requires the production of documents as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

**DOCUMENTS TO BE PRODUCED**

**REQUEST NO. 1:**

Each and every DOCUMENT and COMPUTER DATA that refers, relates or pertains to the CLAIM including but not limited to YOUR claim file(s), YOUR underwriting file(s), correspondence, e-mails, recorded statements, examinations under oath, insurance applications, investigations or evaluations of whether to cancel a policy, declarations, policies, and renewals.

**REQUEST NO. 2:**

Each and every DOCUMENT and COMPUTER DATA that refers, relates or pertains to any other claims submitted by CASTRO for a burglary loss including but not limited to YOUR claim file(s), YOUR underwriting file(s), correspondence, e-mails, recorded statements, examinations under oath, insurance applications, investigations or evaluations of whether to cancel a policy, declarations, policies, and renewals.

**REQUEST NO. 3:**

Each and every DOCUMENT that refers, relates or pertains to any and all correspondence, including but not limited to letters, notes, e-mails, and any other written or oral communications between YOU and State Farm General Insurance Company regarding the CLAIM.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, ...tion, or Objects or to Permit Inspection of Premises in a Civil Action (Pag WorkOrder#: 218873.001

Civil Action No. 4:15-CV-05728-WHO

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* **Farmers Insurance Company, Inc.** on *(date)* 09/08/2016 - Served Ronald M.

☑ I served the subpoena by deliverying a copy to the named person as follows: **6303 Owensmouth Avenue, Woodland Hills, CA 91367** on *(date)* 09/08/2016 ; or

☐ I returned the subpoena unexecuted because ______________________________.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $______________.

My fees are $ 15.00 for travel and $ ______ for services, for a total of $ ______.

I declare under penalty of perjury that this information is true.

Date: 09/08/2016

[signature]
*Server's signature*

Javier Deleon - Field Agent
*Printed name and title*

20970 Warner Ctr Ln, suite C. Woodland Hills, CA 91367
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**DECLARATION OF CUSTODIAN OF RECORDS**
**MID-CENTURY INSURANCE COMPANY**

**Case Name: Floyd Castro v. State Farm General Insurance Company**

**Case Number: 4:15-CV-05728-WHO**

**Subject: Floyd Castro, Claim Number 3002507594**

**I HEREBY DECLARE** under penalty of perjury that the following statements are true to the best of my knowledge and belief – pursuant to Federal Rules of Evidence §902.

I am a duly authorized custodian of records of Mid-Century Insurance Company and certify that the accompanying records are true and complete copies of records maintained in the regular course and scope of business of my employer and those records from Mid-Century Insurance Company were prepared by authorized personnel at or near the time of the act, condition or event.

REQUEST NO. 1: All records sought in the subpoena requesting production of these documents have been produced except for objectionable documents potentially including documents generated in anticipation of litigation, documents that constitute the confidential proprietary information of Mid-Century Insurance Company, privileged documents and documents which are protected by privacy rights including of third parties.

REQUEST NO. 2: All records sought in the subpoena requesting production of these documents have been produced except for objectionable documents potentially including documents generated in anticipation of litigation, documents that constitute the confidential proprietary information of Mid-Century Insurance Company, privileged documents and documents which are protected by privacy rights including of third parties.

REQUEST NO. 3: All records sought in the subpoena requesting production of these documents have been produced.

Signature of Custodian: M Lesinskas

Print Name: MYHA LESINSKAS

Date: October 10, 2016

**CSR: Frank Thatcher**
**Order No. 218873.001**

| | |
|---|---|
| **RECORDS OF.:** | Floyd Castro |
| **RECORDS TYPE:** | Any & All Records and Documents |
| **LOCATION:** | Farmers Insurance Company, Inc.<br>6303 Owensmouth Avenue<br>Woodland Hills, CA 91367 |
| **DELIVER TO:** | Hayes, Scott, Bonino, Ellingson & McLay, L.L.P.<br>203 Redwood Shores Parkway Suite 480<br>Redwood City, CA 94065 |
| **ATTN:** | Jamie A. Radack, Esquire |
| **CLAIM / FILE NO.:** | STF495 / STF495 |
| **INSURED:** | |
| **D.O.L.:** | |
| **CASE NAME** | Floyd Castro,<br>vs.State Farm General Insurance Company, et al., |

# VOLUME 2 OF 2

HAYES, SCOTT, BONINO, ELLINGSON, McLAY
OCT 24 2016
CALENDARED NO CALENDARING
VIA UPS TIME 10:35

US LEGAL SUPPORT

**The Power of Commitment™**

800.600.7788 | www.uslegalsupport.com

Court Reporting | Record Retrieval | eDiscovery Services | Trial Services

US LEGAL SUPPORT
The Power of Commitment

**The enclosed documents have been reviewed and verified by the following:**

_________ Date of Birth

_________ Social Security Number

_________ Patient / Subject Name / Initial

_________ Date of Treatment and or Accident

_________ File Number

_________ Phone conversation with ________________ from your office.

_________ No verifiable data supplied when records were requested.

_________ No verifiable data in file.

**OTHER:** ______________________________________________

**As you have requested, these records consists of:**

_________ Any and All records available.

_________ Only those records consistent with specified omissions.

**Please note, the original documents that were provided by the location were of:**

______ **Good Quality** ______ **Satisfactory Quality** ______ **Poor Quality**

**VOL.** 2 **of** 2

**For your information:** ______________________________________________

Assembled by: [signature] Verified by: ____________

Pagination by: ____________ Charted by: ____________

***THANK YOU FOR USING U.S. LEGAL SUPPORT, INC.!***

US LEGAL SUPPORT

# Any & All Records Vol2of2

**ORDER #:** 218873.001

**CASE NAME:** Castro v. State Farm General Insurance Company

**RECORDS ON:** Floyd Castro

**RECORDS FROM:** Farmers Insurance Company, Inc.
6303 Owensmoutth Avenue
Woodland Hills, CA 91367

**SUBSTITUTED FOR:**

Any & All Records Vol2of2

FARMERS INSURANCE

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389

February 19, 2015

FLOYD F CASTRO
2370 SCOUT RD
OAKLAND CA 94611

| | | |
|---|---|---|
| RE: | Insured: | Floyd Castro |
| | Claim Unit Number(s): | 3002507594-1-1, 3002507594-1-2 |
| | Policy Number: | 0939322832 |
| | Loss Date: | 04/20/2014 |
| | Location of Loss: | 2370 Scout Road, Oakland, CA |
| | Subject: | Investigation Status Letter |

Dear Mr. Castro:

Thank you for choosing us to provide for your insurance needs. We value you as a customer and appreciate the opportunity to be of service.

This letter is a follow-up to the voicemail I left for you today. To move your claim forward, we need the following information:
1) Properly executed Proof of Loss. Please remember that all blanks must be completed, the document requires notarization, and must be returned to us no later than March 23, 2015.
2) Evidence of Ownership for any property claimed
3) Photos, receipts, or other documentation for the damages to your home.

Thank you for your help. We'll update you regularly during the investigation and once it is complete, we'll let you know.

SECTION I - PROPERTY CONDITIONS

3. Duties After Loss.

In case of covered loss or damage to property, it is your responsibility to:

a. give prompt written notice to us or our agent without unnecessary delay. In case of theft, you must also immediately notify the police. In case of loss under SECTION I - EXTENSIONS OF COVERAGE, Identity Fraud, involving an unauthorized use of a credit card, debit card, fund transfer card, forgery, or acceptance of counterfeit money, you must also immediately notify the police, and as appropriate, the issuer of the card, credit bureau, credit reporting agency, and the credit grantor;

b. protect the property from further damage. You should make any reasonable and necessary emergency repairs or perform loss mitigation needed to protect the property from further damage. See SECTION I - PROPERTY CONDITIONS, Emergency Services following. Failure to perform emergency repairs or loss mitigation may result in continuing or secondary damages which may not be covered under this policy. Keep records and receipts of your costs;

C1020878

c. make a list of all damaged or destroyed personal property showing in detail the quantity, description, actual cash value, replacement cost, age and amount of loss. Attach all bills, receipts and related records that support your figures;

d. cooperate with our investigation of the loss or damage and our verification of any repairs or replacement of the damaged property;

e. as often as we reasonably require:

   (1) exhibit the damaged property or provide us and our representatives access to the damaged property in order to, among other things, determine the types of loss or damage and the extent and cause thereof, and costs of repair or replacement;

   (2) provide us with records, documents and other information we may request, and permit us to make copies. This includes by way of example but not limited to banking records, asset, debt and income information, records and documents, credit history and other financial records, prior insurance losses with us or other insurers, or receipts for property damaged, if obtainable;

   (3) allow us to take samples of damaged property for inspection, testing and analysis;

   (4) submit to examinations under oath by us at such times and places as we reasonably designate. We may require the examinations to be conducted separately and apart from any other person defined as you or insured. Each examinee must sign a transcript of his or her examination. Submission to a requested examination(s) under oath is a condition precedent to recovery under this policy. Our denial of your claim shall not act as a waiver of our right to examinations under oath; and

   (5) produce representatives, employees, members of your household or others for interviews or examinations under oath to the extent it is within your power to do so; and

f. send us within 60 days after our request, your signed, sworn statement showing:

   (1) date, time, location and cause of loss or damage;

   (2) interest of all insureds and all others in the property involved;

   (3) all legal claims against the property involved including lienholders;

   (4) all other insurance and any warranty, service or maintenance contract which may cover the loss or damage (see Other Insurance condition following);

   (5) all information we request to investigate the claim;

   (6) changes in title or occupancy of the property;

   (7) specifications and detailed repair estimates of any damaged structure;

   (8) a list of stolen, damaged or destroyed personal property described in subsection 3.c. above;

   (9) receipts and records that support additional living expenses and loss of rents; and

   (10) evidence which states the amount and cause of loss to support a claim under SECTION I - EXTENSIONS OF COVERAGE, Identity Fraud coverage.

To the extent an insured, other than you, is a direct beneficiary of coverage under this policy, that insured shall also be responsible for complying with the duties and responsibilities set forth in this policy respecting loss or damage, including examinations under oath and production of information requested by us.

We encourage you to visit www.hpcs.com to learn more about our self-service options available to you; including the ability to view your claim status, upload documents and photos and find local service providers.

If you have any questions, please contact me at (510)541-3096.

C10Z8S7R

Thank you.

Sincerely,
Mid-Century Insurance Company

James Baney
Special Field Claims Representative
james.baney@farmersinsurance.com
(510)541-3096

CC: MS. STELLA KWOK

G10ZBS7R

3002507594.1

NO. [redacted]02

NAME: Gino H DATE: 9/11/15

ADDRESS: 5441 Sycamore APT 11

CITY, STATE, ZIP: Oakland Ca 94612

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE.RTD. | PAID OUT |
|---|---|---|---|---|---|---|
| | | | | | | |

| QUAN. | | DESCRIPTION | AMOUNT | |
|---|---|---|---|---|
| 1 | 1 | Snapon Impact | 200 | 00 |
| 1 | 2 | " Air Grind | 200 | 00 |
| 1 | 3 | " Socket set | 400 | 00 |
| 1 | 4 | Air Hammer | 200 | 00 |
| 1 | 5 | Chain Saw | 200 | 00 |
| | 6 | | | |
| | 7 | | | |
| | 8 | | | |
| | 9 | | | |
| | 10 | | | |
| | 11 | | | |
| | 12 | | $1200 | 00 |

CUSTOMER'S ORDER NO. RECEIVED BY: Floyd Castro

KEEP THIS COPY FOR YOUR RECORDS

5L250 ©2001 REDIFORM®

3002507594.1

NO. [redacted]04

NAME: Gino H DATE: 7/10/15

ADDRESS: 5441 Sycamore APT 11

CITY, STATE, ZIP: Oakland Ca 94611

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE.RTD. | PAID OUT |
|---|---|---|---|---|---|---|
| | | | | | | |

| QUAN. | | DESCRIPTION | AMOUNT | |
|---|---|---|---|---|
| 1 | 1 | Snapon Vac | 400 | 00 |
| 1 | 2 | Snapon Impact | 300 | 00 |
| 1 | 3 | Martin Bar | 200 | 00 |
| | 4 | | | |
| | 5 | | | |
| | 6 | | | |
| | 7 | | | |
| | 8 | | | |
| | 9 | | | |
| | 10 | | | |
| | 11 | | | |
| | 12 | | $900 | 00 |

CUSTOMER'S ORDER NO. RECEIVED BY: Floyd Castro

KEEP THIS COPY FOR YOUR RECORDS

5L250 ©2001 REDIFORM®

000240

**FARMERS INSURANCE**

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389

February 20, 2015

FLOYD F CASTRO
2370 SCOUT RD
OAKLAND CA 94611

| | | |
|---|---|---|
| RE: | Insured: | Floyd Castro |
| | Claim Unit Number(s): | 3002507594-1-1, 3002507594-1-2 |
| | Policy Number: | 0939322832 |
| | Loss Date: | 04/20/2014 |
| | Location of Loss: | 2370 Scout Road, Oakland, CA |
| | Subject: | Request for Information |

Dear Mr. Castro:

Thank you for choosing us to provide for your insurance needs. We value you as a customer and appreciate the opportunity to be of service.

We received your Sworn Statement in Proof of Loss form for this claim. As we explained in our previous letter, your policy requires you to submit a properly executed and fully completed form. While we appreciate your efforts to return the form, as submitted it does not comply with your policy's specific requirements:

Question 8) Has no response. Amount of insurance is the amount of coverage on your Declarations Page for each type of coverage. Value refers to the overall value of all of your property for each type of coverage. Loss and Claim are often the same number. This portion requires that you enter the amount of damage or loss that you are claiming for the property involved in this claim. Each box in the grid requires a response.
Question 9) Has no response. This question requires a total amount of insurance on the home from Mid-Century Insurance Company and any other insurance carrier.
Question 13) Has no response. Please indicate if all of the property claimed belonged to you or if any property of another party is included in your inventory.
Question 14) Has incomplete information. Some of the items claimed have all of the information requested. Other items on the attachment has some information. The attachment has two lists, one list include several tools as having been purchased from a private party. The other list has numbers and dollar amounts but does not indicate what the items are or when and where purchased. To avoid any confusion on what you are claiming and for us to complete an accurate evaluation any attachments should follow the same format as the original question.

Please complete the enclosed blank form and send it to us by March 23, 2015. If we don't receive it within this time frame, it may jeopardize your coverage for this loss.

SECTION I - PROPERTY CONDITIONS

3. Duties After Loss.

In case of covered loss or damage to property, it is your responsibility to:

a. give prompt written notice to us or our agent without unnecessary delay. In case of theft, you must also immediately notify the police. In case of loss under SECTION I - EXTENSIONS OF COVERAGE, Identity Fraud, involving an unauthorized use of a credit card, debit card, fund transfer card, forgery, or acceptance of counterfeit money, you must also immediately notify the police, and as appropriate, the issuer of the card, credit bureau, credit reporting agency, and the credit grantor;

b. protect the property from further damage. You should make any reasonable and necessary emergency repairs or perform loss mitigation needed to protect the property from further damage. See SECTION I - PROPERTY CONDITIONS, Emergency Services following. Failure to perform emergency repairs or loss mitigation may result in continuing or secondary damages which may not be covered under this policy. Keep records and receipts of your costs;

c. make a list of all damaged or destroyed personal property showing in detail the quantity, description, actual cash value, replacement cost, age and amount of loss. Attach all bills, receipts and related records that support your figures;

d. cooperate with our investigation of the loss or damage and our verification of any repairs or replacement of the damaged property;

e. as often as we reasonably require:

   (1) exhibit the damaged property or provide us and our representatives access to the damaged property in order to, among other things, determine the types of loss or damage and the extent and cause thereof, and costs of repair or replacement;

   (2) provide us with records, documents and other information we may request, and permit us to make copies. This includes by way of example but not limited to banking records, asset, debt and income information, records and documents, credit history and other financial records, prior insurance losses with us or other insurers, or receipts for property damaged, if obtainable;

   (3) allow us to take samples of damaged property for inspection, testing and analysis;

   (4) submit to examinations under oath by us at such times and places as we reasonably designate. We may require the examinations to be conducted separately and apart from any other person defined as you or insured. Each examinee must sign a transcript of his or her examination. Submission to a requested examination(s) under oath is a condition precedent to recovery under this policy. Our denial of your claim shall not act as a waiver of our right to examinations under oath; and

   (5) produce representatives, employees, members of your household or others for interviews or examinations under oath to the extent it is within your power to do so; and

f. send us within 60 days after our request, your signed, sworn statement showing:

   (1) date, time, location and cause of loss or damage;

   (2) interest of all insureds and all others in the property involved;

   (3) all legal claims against the property involved including lienholders;

   (4) all other insurance and any warranty, service or maintenance contract which may cover the loss or damage (see Other Insurance condition following);

   (5) all information we request to investigate the claim;

   (6) changes in title or occupancy of the property;

   (7) specifications and detailed repair estimates of any damaged structure;

   (8) a list of stolen, damaged or destroyed personal property described in subsection 3.c. above;

   (9) receipts and records that support additional living expenses and loss of rents; and

(10) evidence which states the amount and cause of loss to support a claim under SECTION I - EXTENSIONS OF COVERAGE, Identity Fraud coverage.

To the extent an insured, other than you, is a direct beneficiary of coverage under this policy, that insured shall also be responsible for complying with the duties and responsibilities set forth in this policy respecting loss or damage, including examinations under oath and production of information requested by us.

Once we receive your correctly completed form, we'll review it promptly.

We encourage you to visit www.hpcs.com to learn more about our self-service options available to you, including the ability to view your claim status, upload documents and photos and find local service providers.

If you have questions, please contact me at (510)541-3096.

Thank you.

Sincerely,
Mid-Century Insurance Company

James Baney
Special Field Claims Representative
james.baney@farmersinsurance.com
(510)541-3096

CC: MS. STELLA KWOK

KCG0P4B0

**PROOF OF LOSS**
to the Company Indicated below.
(Continue any response on a separate sheet if needed)

Company Name: Mid-Century Insurance Company

1. Policy #: 0939322832 a homeowners insurance policy.
2. Claim #: 3002607594-1-1
3. Named Insured(s): (Hereinafter called the Insured.)
   Floyd E Castro
4. Social Security Number: 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
5. Cause/Type of Loss:
   Burglary
   loss occurred on the following date(s)
   April 20th ~~2004~~ 2014
6. Residence of Insured at the time of loss:
   2370 Scout Rd Oakland Ca. 94611
7. Location of personal property at time of loss if other than the insured premises:
   1 Time 23
8. Property Insured for which loss is claimed: (Attach statements/estimates of repair or replacement.)

| Items Insured | Amount of Insurance | Value | Loss | Claim |
|---|---|---|---|---|
| Dwelling | | | | |
| Separate Structures | | | | |
| Personal Property (Page 2) | | | | |
| Additional Living Expenses | | | | |
| Landscaping | | | | |
| Other (Describe) | | | | |
| Insured hereby claims the sum of: | | | | |

9. The total insurance covering this property at the time of loss was $ ________ All other insurance is listed as follows:

(Continued on next page)

YJR8SFY8

or other persons or organizations that perform a business or legal service in connection with the above claim or any other claim by you under a policy issued by the insurer referenced above. Further, the Authorized Recipient referenced above may release this information to the person/entities previously disclosed in connection with the performance of an insurance function. In addition, the Authorized Recipient referenced above may release this information to law enforcement agencies or to any other entity in accordance with applicable state or federal law.

I/We Know that I/We may retain a copy of this Authorization, and that I/We may receive a record of any subsequent disclosures of personal information if required by state law and in accordance with state law.

I/We Agree that this Authorization shall be valid for 1 year from the date signed or the duration of the claim, whichever is longer.

DO NOT SIGN THIS AUTHORIZATION UNLESS YOU HAVE READ AND UNDERSTAND ALL PROVISIONS INCLUDED HEREIN.

SIGNED this 14 day of Febuary 20 15

SIGNATURE: Insured or Legal Representative | SIGNATURE: Insured or Legal Representative

PRINT NAME: Insured or Legal Representative | PRINT NAME: Insured or Legal Representative

Authority to act for or relationship to the Insured | Authority to act for or relationship to the Insured

ADDRESS | ADDRESS

CITY ST ZIP | CITY ST ZIP

I have retained a copy of this Authorization: | I have retained a copy of this Authorization:

Signature or Initials | Signature or Initials

By signing this form you are not releasing your rights to settle your claim.
For your protection California law requires the following to appear on this form: Any person who knowingly presents false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

YJR86FY8

Ampeg 100 watt Amp 6/2012 G Center 1899.99
Ampeg Cabinet 6 10" speakers 6/2012 G Center 949.99
Martin Guitar Gift 10/2013 ~~5000.00~~ 5300.00

| | | | | | |
|---|---|---|---|---|---|
| Jbl Speakers | | | | | |
| Fender Amp | | | | | |
| Jbl Speaker | | | | | |
| Zyldian Cymbals | 2008 | Guitar Center | 569.68 | | |
| Applicable tax (enter in the last column) | | | | | |

| | |
|---|---|
| Total Amount of Claim for Personal Property | $ |
| Estimated Damage to Building | $ |
| Total Estimate Claim (Subject to applicable policy limits) | $ |

15. This loss did not originate or continue by any act, design, procurement, or willful neglect on the part of this insured, or on the part of any person having any interest, direct or indirect, in the insured property or in the Policy of insurance. Nothing has been done by or with the Insured's knowledge or consent to violate the conditions of the Policy or render it void. No property saved has in any manner been concealed and no attempt to deceive the Company, as to the extent of the loss, has in any manner been made. Any other information that may be required will be furnished, when called for, and made a part thereof.

IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THE FURNISHING OF THIS BLANK FORM TO THE INSURED, OR THE PREPARING OF PROOFS BY AN ADJUSTER OR ANY AGENT OF THE COMPANY, IS NOT TO BE CONSIDERED AS A WAIVER OF ANY OF THE RIGHTS OF THE COMPANY. I hereby declare the facts stated in this form (and the information contained in all documents and information submitted with this form) to be true and correct and I request the Company to rely thereon concerning this claim.

Insured Signature: [signature]

Insured Signature: ____________________

PLEASE SEE CA NOTARY ATTACHMENT

On this the ______ day of ____________________ before me, ____________________
____________________ (the undersigned Notary Public) personally appeared ____________________
____________________, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal: ____________________
Notary Public Signature

State of: ____________________
County of: ____________________

For your protection California law requires the following to appear on this form: Any person who knowingly presents false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

YJR95FY8

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California } s.s.
County of Alameda

On Feb 17, 2015 before me, Romie Verma, Notary Public
Name of Notary Public, Title

personally appeared FLOYD F. CASTRO
Name of Signer (1)

Name of Signer (2)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[signature]
Signature of Notary Public

ROMIE VERMA
COMM. #1970520
NOTARY PUBLIC • CALIFORNIA
ALAMEDA COUNTY
Commission Expires MAR 4, 2016
Seal

OPTIONAL INFORMATION

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of
Proof of Ravs

containing ____ pages, and dated ____

The signer(s) capacity or authority is/are as:
- ☐ Individual(s)
- ☐ Attorney-in-fact
- ☐ Corporate Officer(s) ____ Title(s)
- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☐ Other: ____

representing: ____
Name(s) of Person(s) Entity(ies) Signer is Representing

**Additional Information**

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
☐ form(s) of identification ☐ credible witness(es)

Notarial event is detailed in notary journal on:
Page # ____ Entry # ____

Notary contact: ____

Other
☐ Additional Signer ☐ Signer(s) Thumbprint(s)
☐ ____

©2009-2015 Notary Learning Center – All Rights Reserved You can purchase copies of this form from our web site at www.TheNotaryStore.com

| Policy No. | Name of Company | Amount of Insurance |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |

10. When this loss occurred, the property was subject to the following mortgage(s), deed(s) of trust or security interest(s). List name & address of mortgagee(s), holder of deed(s) of trust or security interest(s). (Attach additional sheet if necessary.)

Bank of America ~635,000.00

11. At time of loss insured dwelling was occupied only as: Residence

12. Since the policy was issued, there has been no assignment or change of interest, use, occupancy, possession, location or exposure of the property described except:

Property was sold on Jan 8th 2015 & Floyd Castro still lives in property

13. When this loss happened the property claimed belonged solely to the insured except:

14. Schedule of Personal Property. The following is the information required if loss or damage is claimed for items of personal property. Provide separate list(s) with this information or use provided personal property inventory forms.

a. Description of the property, Model & Serial # (if any);

b. Mo/yr when purchased/obtained;

c. Name/address from whom purchased/obtained.

d. Replacement cost;

The following is a schedule of articles for which claim is made. (Use additional pages if needed.)

| Description of property. List manufacturer, model number and serial number. | When did you purchase or obtain the item? (month/year) | Where did you purchase or obtain the item? (Include name or address) | Replacement Cost | Allowance for depreciation in value by wear and tear. Change in style, etc. | Amount for which claim is made. |
| --- | --- | --- | --- | --- | --- |
| Marshal 100w Amp | 10/13 | Guitar Center | | 2592.70 | |
| Marshal Cab 4x12 | 10/13 | Guitar Center | 800.01 | | |
| Fender Strat Guitar | 1994 | Guitar Center | 900.00 | | |
| Taylor Acoustic | | Guitar Center | | 460.00 | |
| Mesa Mackie PA | | Guitar Center | 1409.15 | | |

YJR89FY6

3002507594

Items stolen

Floyd Costed

1) Snap on Impact wrench ~~7/1/13~~ 6/4/13 ~~$200.00~~ $200.00
2) Snap on Die grinder 6/4/13 ~~7/1/13~~ 6/4/13 $400.00
3) Snap on Socket set ~~7/1/13~~ $200.00
4) Snap on Air Hammer 6/4/13 $200.00
5) Huskavarna Chain Saw 6/4/13 $400.00
6) Snap on Vacume (Heavy Duty) 7/10/13 $200.00
7) Snap on Impact wrench 6/4/13 $200.00
8) Martin Bow 7/10/13 $200.00

All Item purchased from Gino Herrera 510 485-8351

AT1130A

1 ~~PH3050B~~ $1745.00

2 $330. PT 410

3 $245.0 HT705B

4 $ 399.00 PH3050B

5 Huskavarna 545 $509.9

6 ETB1560B $240.00

7 MG325 $435.00

8

**Authorization to Obtain Financial and Other Factual Information**

I/We AUTHORIZE release of the information specified below to Mid-Century Insurance Company.

Our Insured: FloydCastro
Loss Date: April 20, 2014
Claim Number: 8002507594-1
Policy Number: 0939322832

| Name | Date of Birth | Social Security Number | Drivers License Number |
|---|---|---|---|
| Floyd F. Castro | 03/16/1962 | 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 | C0378153 |
| | | | |

I/We Understand that the information I/We authorize to be released includes but is not limited to matters with respect to loss and/or alleged injuries sustained on the date shown above.

I/We Authorize the following person/entities to furnish the following information to the insurer designated above, as well as to that insurer's employees, agents, independent contractors, legal representatives or others who are or may be involved in performing an insurance function:

A. Persons/Entities Authorized to Furnish Information

(1) any insurance or reinsurance company, (2) any consumer reporting agency, (3) any investigative agency, (4) any employer, (5) any banking, mortgage, brokerage or other financial service institution, (6) any automotive service and repair facilities, (7) any utility institution, (8) F.E.M.A., S.B.A. or any other government agency, (9) any retail, wholesale, pawn shop, barter, rental, storage, or other merchandiser or service provider, (10) any possessor of non-medical or non-financial information.

B. Information Authorized to be Furnished:

(1) information concerning credit, bank records, insurance records, financial aid records, disaster relief records, utility or service record, including those regarding alarm systems at my/our residence or business, (2) information contained in vehicle data recorders, (3) information pertaining to sales, purchases, returns, trades, pawn slips, rental records, contracts, agreements or other records of transactions, (4) information that may be pertinent to the above-referenced claim, another claim or to an insurance function for the above-referenced Insured.

I/We also authorize the bearer to examine and obtain copies of all receipts, invoices or billings concerning items or service claimed.

I/We Agree that a photocopy of this Authorization shall be as valid as the original, and that a facsimile signature shall be valid and enforceable.

I/We Understand that the information furnished will be used to investigate, evaluate and verify claims under an insurance policy issued, renewed or reinsured by the above insurer. The Authorized Recipient referenced above may release this information to insurers, re-insurers, investigative agencies, consumer reporting agencies,

YJR88FY8

000345

3002507594 1

NO. [redacted] 04

NAME / ADDRESS / CITY, STATE, ZIP / DATE

QUAN. | DESCRIPTION | UNIT COST | AMOUNT

CUSTOMER'S ORDER NO. | RECEIVED BY

KEEP THIS COPY FOR YOUR RECORDS

3002507594 1

NO. [redacted] 02

NAME / ADDRESS / CITY, STATE, ZIP / DATE

QUAN. | DESCRIPTION | UNIT COST | AMOUNT

CUSTOMER'S ORDER NO. | RECEIVED BY

KEEP THIS COPY FOR YOUR RECORDS

000346

510-559-1055 01 REGULAR SALE
DUPLICATE

| Qty | Description | Sku | Amount |
|---|---|---|---|
| 1 | AMPEG 203992700 SVTCL CLSC 300W BASS HEAD Ser no: BJNDS10011 | 8533902224 | 1,599.99 |
| 1 | AMPEG SVT610HLF 6X10 1200W BASS CAB 0026753 Ser no: BRRDQ90022 | 3956255224 | 949.99 |
| 1 | AUDIX DP5A DP5 UPGD MIC KIT W/I5 MIC | 2307575000 | 0.00 |
| 1 | DR MUSIC MM45 MED MARCUS MILLER SIG BASS STR | 4620821000 | 0.00 |

# 3002507594-1

(myclaim farmersinsurance.com)

myclaimfarmersinsurance.co

| Pay Type | Pay Amt | | |
|---|---|---|---|
| 04 MASTER CARD | 2760.35 | Subtotal | 2549.98 |
| | | Tax | 210.37 |
| | | Total | 2760.35 |

Referencing Sales Ticket 2241056959 Cashier: 036172

PLEASE NOTE :
THANKYOU FOR YOUR BUSINESS; SIGN UP FOR THE SIGNATURE SOLO CONTEST FOR THE BEST

Buy Online Now at www.guitarcenter.com
Or call 1-866-498-7882
WE LOVE FEEDBACK.Tell us yours at GuitarCenter.com/OpenEars.

For details on our Lowest Price and Satisfaction Guarantees
please go to www.guitarcenter.com/policies

Like us: facebook.com/guitarcenter
Follow us on Twitter/Instagram:@guitarcenter
Subscribe to us: youtube.com/guitarcenter
Salesperson: 046461 DEWEY O. T., 036172 MICHAEL J. B.

myclaimfarmersinsurance.com

FARMERS INSURANCE

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389

February 20, 2015

FLOYD F CASTRO
2370 SCOUT RD
OAKLAND CA 94611

| | | |
|---|---|---|
| RE: | Insured: | Floyd Castro |
| | Claim Unit Number(s): | 3002507594-1-1, 3002507594-1-2 |
| | Policy Number: | 0939322832 |
| | Loss Date: | 04/20/2014 |
| | Location of Loss: | 2370 Scout Road, Oakland, CA |
| | Subject: | Request for Information |

Dear Mr. Castro:

Thank you for choosing us to provide for your insurance needs. We value you as a customer and appreciate the opportunity to be of service.

We received your Sworn Statement in Proof of Loss form for this claim. As we explained in our previous letter, your policy requires you to submit a properly executed and fully completed form. While we appreciate your efforts to return the form, as submitted it does not comply with your policy's specific requirements:

Question 8) Has no response. Amount of insurance is the amount of coverage on your Declarations Page for each type of coverage. Value refers to the overall value of all of your property for each type of coverage. Loss and Claim are often the same number. This portion requires that you enter the amount of damage or loss that you are claiming for the property involved in this claim. Each box in the grid requires a response.
Question 9) Has no response. This question requires a total amount of insurance on the home from Mid-Century Insurance Company and any other insurance carrier.
Question 13) Has no response. Please indicate if all of the property claimed belonged to you or if any property of another party is included in your inventory.
Question 14) Has incomplete information. Some of the items claimed have all of the information requested. Other items on the attachment has some information. The attachment has two lists, one list include several tools as having been purchased from a private party. The other list has numbers and dollar amounts but does not indicate what the items are or when and where purchased. To avoid any confusion on what you are claiming and for us to complete an accurate evaluation any attachments should follow the same format as the original question.

Please complete the enclosed blank form and send it to us by March 23, 2015. If we don't receive it within this time frame, it may jeopardize your coverage for this loss.

SECTION I - PROPERTY CONDITIONS

3. Duties After Loss.

In case of covered loss or damage to property, it is your responsibility to:

a. give prompt written notice to us or our agent without unnecessary delay. In case of theft, you must also immediately notify the police. In case of loss under SECTION I - EXTENSIONS OF COVERAGE, Identity Fraud, involving an unauthorized use of a credit card, debit card, fund transfer card, forgery, or acceptance of counterfeit money, you must also immediately notify the police, and as appropriate, the issuer of the card, credit bureau, credit reporting agency, and the credit grantor;

b. protect the property from further damage. You should make any reasonable and necessary emergency repairs or perform loss mitigation needed to protect the property from further damage. See SECTION I - PROPERTY CONDITIONS, Emergency Services following. Failure to perform emergency repairs or loss mitigation may result in continuing or secondary damages which may not be covered under this policy. Keep records and receipts of your costs;

c. make a list of all damaged or destroyed personal property showing in detail the quantity, description, actual cash value, replacement cost, age and amount of loss. Attach all bills, receipts and related records that support your figures;

d. cooperate with our investigation of the loss or damage and our verification of any repairs or replacement of the damaged property;

e. as often as we reasonably require:

   (1) exhibit the damaged property or provide us and our representatives access to the damaged property in order to, among other things, determine the types of loss or damage and the extent and cause thereof, and costs of repair or replacement;

   (2) provide us with records, documents and other information we may request, and permit us to make copies. This includes by way of example but not limited to banking records, asset, debt and income information, records and documents, credit history and other financial records, prior insurance losses with us or other insurers, or receipts for property damaged, if obtainable;

   (3) allow us to take samples of damaged property for inspection, testing and analysis;

   (4) submit to examinations under oath by us at such times and places as we reasonably designate. We may require the examinations to be conducted separately and apart from any other person defined as you or insured. Each examinee must sign a transcript of his or her examination. Submission to a requested examination(s) under oath is a condition precedent to recovery under this policy. Our denial of your claim shall not act as a waiver of our right to examinations under oath; and

   (5) produce representatives, employees, members of your household or others for interviews or examinations under oath to the extent it is within your power to do so; and

f. send us within 60 days after our request, your signed, sworn statement showing:

   (1) date, time, location and cause of loss or damage;

   (2) interest of all insureds and all others in the property involved;

   (3) all legal claims against the property involved including lienholders;

   (4) all other insurance and any warranty, service or maintenance contract which may cover the loss or damage (see Other Insurance condition following);

   (5) all information we request to investigate the claim;

   (6) changes in title or occupancy of the property;

   (7) specifications and detailed repair estimates of any damaged structure;

   (8) a list of stolen, damaged or destroyed personal property described in subsection 3.c. above;

   (9) receipts and records that support additional living expenses and loss of rents; and

(10) evidence which states the amount and cause of loss to support a claim under SECTION I - EXTENSIONS OF COVERAGE, Identity Fraud coverage.

To the extent an insured, other than you, is a direct beneficiary of coverage under this policy, that insured shall also be responsible for complying with the duties and responsibilities set forth in this policy respecting loss or damage, including examinations under oath and production of information requested by us.

Once we receive your correctly completed form, we'll review it promptly.

We encourage you to visit www.hpcs.com to learn more about our self-service options available to you, including the ability to view your claim status, upload documents and photos and find local service providers.

If you have questions, please contact me at (510)541-3096.

Thank you.

Sincerely,
Mid-Century Insurance Company

James Baney

James Baney
Special Field Claims Representative
james.baney@farmersinsurance.com
(510)541-3096

CC: MS. STELLA KWOK

KCQ0P4B0